THE SENATE OF THE HAPPY HOME CLUBS OF AMERICA v. THE BOARD OF SUPERVISORS OF ALPENA COUNTY.

*Constitutional law—Disorderly persons—Punishment—"Jag cure" act.*

Act No. 207, Laws of 1893, entitled "An act to authorize the courts, justices of the peace, and police justices of this State to permit those charged and complained against as disorderly persons on account of drunkenness or intoxication to give a special recognizance, conditioned for such persons taking the cure for such drunkenness and intoxication, and for the adjournment of such case against such person for a limited time for this purpose," and which provides for the acquittal and discharge of such person upon a showing by him that he has conformed to the conditions of the recognizance up to that time, and that, in case of his violation of such conditions, the trial shall proceed as if no recognizance had been given, and for the forfeiture of the recognizance if the person recognized shall fail to appear according to its conditions, is unconstitutional.

*Certiorari* to Alpena.  (Kelley, J.)  Argued January 2, 1894.  Decided February 20, 1894.

Respondent brings *certiorari* to review *mandamus* proceedings instituted by relator to compel respondent to audit relator's bill for the cure of one Richard Kelley of the liquor habit, under Act No. 207, Laws of 1893, popularly known as the "Jag Cure Act."  Order granting writ reversed.  The facts are stated in the opinion.

*J. D. Turnbull*, for relator.

*A. A. Ellis*, Attorney General, and *L. G. Dafoe*, Prosecuting Attorney, for respondent.

PER CURIAM.  Respondent brings to this Court by *certiorari* the proceedings had in the circuit court for the county of Alpena upon an application for *mandamus* to compel respondent to audit relator's bill for the cure of one Richard Kelley of the liquor habit, under the provisions of Act No. 207, Laws of 1893, popularly known as the "Jag Cure Act," which reads as follows:

"SECTION 1. *The People of the State of Michigan enact*, That, whenever any person shall be charged or complained against as being a disorderly person on account of drunkenness or intoxication in the courts or before any justice of the peace or police justice of this State, it shall be lawful for such court or justice of the peace or police justice to accept from such person a special recognizance in the penal sum of $100, with a good and sufficient surety, to be approved by such court or justice of the peace or police justice, conditioned that such person will immediately take treatment for the cure of such drunkenness or intoxication of some corporation organized under the statutes of this State for the purpose of administering such cure, and required by law to make and file reports in reference thereto, to be therein specified, for the period of at least 30 days, and that such person will observe and obey all directions and regulations prescribed by those administering such cure, and that such person will not indulge in the use of intoxicating or malt liquors for the period of 90 days, and that such person will, at the end of 60 days from the date of said

recognizance, appear before such court, justice of the peace, or police justice, and answer the charge or complaint against such person. Upon the giving, approving, and filing of such recognizance with such court, justice of the peace, or police justice, the said case against such person shall stand adjourned for said 60 days, and if, at the end of said 60 days mentioned in said recognizance, such person shall appear and show that he or she has conformed to the said conditions mentioned in said recognizance up to that time, then such person shall be acquitted and discharged; but, in case it appears that such person has violated the conditions of said recognizance, then the trial shall proceed as if no recognizance had been given; and, in case such person shall fail to appear as specified in said recognizance, then such court, justice of the peace, or police justice may cause the same to be forfeited according to law in cases of like kind.

".SEC. 2. The said court, justice of the peace, or police justice shall, at the time of accepting said recognizance, make inquiry into the circumstances and financial condition of such person, and if, upon such inquiry and investigation, such person is found to be in indigent circumstances, and unable to pay for his or her said treatment and maintenance during the time of receiving the same, then the cost and expense of administering such cure and maintaining such person shall be a county charge against the respective counties in which such recognizances are given and filed, but said charge shall not exceed $70, to be paid out of the general funds of such county, to be allowed by the board of supervisors of the respective counties, or, in the county of Wayne, by the board of county auditors, upon the certificate of said court, justice of the peace, or police justice that such person is in indigent circumstances, and unable to pay for such cure and maintenance, and. upon proof that such person has been properly treated and cured. of such drunkenness or intoxication, and said court, justice of the peace, or police justice shall also, at the time of the filing of said recognizance, give to such person or corporation specified in said recognizance said certificate, when such court, justice of the peace, or police justice shall so determine and decide after said investi-. gation; and all court, justice of the peace, police justice, officers', or witnesses' fees incurred under the provisions of this act shall be. the same as in other criminal cases, and allowed and paid as now provided by law in such cases.

" SEC. 3. The person, institute, club, or corporation administering such cure shall, on the first day of January of each year, make out under oath, and file the same with the Secretary of State, a. report showing the total number of persons treated in each county under the provisions of this act, the amount received therefor, and.

also the number so treated that have relapsed or gone back to drink."

The statute providing for the punishment of disorderly persons allows the justice to cause the arrest, and proceed to try the person charged; and upon conviction upon the trial, or if he pleads guilty, he may punish the offender by fine and costs, or imprisonment in the county jail or Detroit House of Correction, or he may require a recognizance for his good behavior for the period of three months.[1] The act in question permits the justice to accept a different recognizance, viz., one conditioned that the defendant will take the cure within a time specified, and conform to the rules and regulations of the corporation administering such cure, and that he will not drink intoxicating liquor for the period of 90 days. It further provides that upon appearing before the justice at the end of 60 days, and showing that he has conformed to the conditions of the recognizance up to that time, he "shall be acquitted and discharged." This, in effect, permits unofficial persons to prescribe rules which shall acquit persons charged with crime. These rules may be lax or stringent; but, whatever they are, the justice has only to acquit if they are shown to have been complied with. They may be as variable as the corporations prescribing them are numerous. It is not within the province of the Legislature to delegate to private corporations the power to make laws for the discharge of offenders.

The order of the circuit court will be reversed, with costs.

---

[1] 3 How. Stat. § 1997a1.