WILSON *v.* MICHIGAN STATE BOARD OF REGISTRATION
IN MEDICINE.

1. LICENSES—STATE BOARDS OF EXAMINERS—APPEAL AND ERROR.
   The Supreme Court does not sit as a general reviewing
   body of the actions of the numerous boards created to
   examine applicants for licenses to follow the various pro-
   fessions and callings.

2. SAME—DISCRETION MAY NOT BE EXERCISED ARBITRARILY.
   While to such boards has been committed the exercise of
   a sound discretion, it must be exercised upon the facts
   before them and not arbitrarily.

3. SAME—STATE BOARD OF REGISTRATION IN MEDICINE—MANDAMUS.
   Mandamus will issue to compel the State board of regis-
   tration in medicine to license plaintiff to practice medicine
   and surgery in this State under 2 Comp. Laws 1915,
   § 6726, subd. 2, where plaintiff shows that he has been
   licensed in another State and that his qualifications are
   equal to those of others licensed by defendant, and the
   latter, in its answer to show cause, sets up no facts as
   the basis of its refusal to act, but states conclusions
   only.

Mandamus by Norman D. Wilson to compel the
Michigan State board of registration in medicine to
grant plaintiff a certificate of registration as a
physician and surgeon.    Submitted July 1, 1924.
(Calendar No. 31,136.)    Writ granted July 24, 1924.

*Thomas, Shields & Silsbee,* for plaintiff.

*Andrew B. Dougherty,* Attorney General, and *Fred
L. Warner,* Assistant Attorney General, for defend-
ant.

FELLOWS, J.    Plaintiff by his petition shows that
he is a graduate of the Georgia School of Eclectic

Medicine of Atlanta, Georgia, and after his graduation was licensed to practice medicine and surgery in that State by its board of medical examiners; he alleges that the requirements for registration in Georgia were deemed, and are now deemed, by defendant to be the equivalent to those in this State, and that the two States have reciprocal relations, and defendant board has licensed others from Georgia including one Stewart, who graduated in the same class as did plaintiff and who was licensed there the same day he was; he alleges that he is now a resident of this State and has applied to defendant board to be registered and given a certificate of registration under subdivision 2 of section 6726, 2 Comp. Laws 1915, and that the defendant board, although advised by the attorney general that it was its duty to grant such application, refused so to do. Upon the filing of the petition we issued an order to show cause why a mandamus should not issue. Defendant in its answer to such order admits plaintiff's graduation and registration in Georgia, states that it does not "fully" maintain reciprocal arrangements with the Georgia board but does not state wherein they fall short; admits it has licensed other applicants who have been licensed in Georgia including said Stewart but denies that it deems the requisites in Georgia equivalent to those in this State but fails to state in what regard they do not measure up, nor does it claim that this was the reason for its refusal; admits the advice of the attorney general but states that it was not in writing. While not specifically alleging that it has exercised its discretion, it is to be inferred from the answer that such is its claim, and that it here relies on the words "at the discretion of the board" found in the section above cited in defense of its refusal to register plaintiff. It sets up no fact or set of facts upon which it exercised such discretion if it did

so and in its answer gives no grounds or reason for such refusal.

There should be at this time no doubt about the proposition that this court does not sit as a general reviewing body of the actions of the numerous boards created to examine applicants for licenses to follow the various professions and callings.   To such boards is, and must be, committed the exercise of a sound discretion, but to them is not committed the exercise of an arbitrary will.   They may exercise their discretion but it must be exercised upon the facts before them.   In speaking of the exercise of judicial discretion it was said by Chief Justice Marshall in *Osborn* v. *United States Bank,* 9 Wheat. (U. S.) 738, 866:

"Judicial power, as contradistinguished from the power of the laws, has no existence.   Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it.   Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

In *The S. S. Styria* v. *Morgan,* 186 U. S. 1 (22 Sup. Ct. 731), the court had under consideration the exercise of the discretion of the master of a ship, and it was said:

"The good faith of the master and his reasonable exercise of discretion must be considered and determined in the light of the facts in each particular case.   The term discretion implies the absence of a hard-and-fast rule.   The establishment of a clearly defined rule of action would be the end of discretion, and yet discretion should not be a word for arbitrary will or inconsiderate action.   'Discretion means a decision of what is just and proper in the circum-

stances.' Bouvier's Law Dict. 'Discretion means the liberty or power of acting without other control than one's own judgment.' Webster's Dict.

"Courts, in passing upon such questions, should endeavor to put themselves in the position of the actors in the transaction, and not be ready to find that the course actually pursued was blameworthy because the results were unfortunate; what those concerned have a right to demand of a master, when confronted with unexpected emergencies, is not an infallible but a deliberate and considerate judgment."

In *Taylor* v. *Robertson*, 16 Utah, 330 (52 Pac. 1), it was said:

"Discretion, when vested in an officer, however, does not mean absolute or arbitrary power. The discretion must be exercised in a *reasonable manner*, and not maliciously, wantonly, and arbitrarily to the wrong and injury of another. This is held to be the rule applicable to public officers who are bound to exercise their deliberate judgment in the discharge of their official duties, and is applicable to all inferior magistrates and others called to the performance of functions in their nature and character *quasi*-judicial, while acting within their jurisdiction and the legal scope of their powers as fixed by law."

See, also, *Tripp* v. *Cook*, 26 Wend. (N. Y.) 143, 152; *Ex parte Chase*, 43 Ala. 303; 1 Bouvier's Law Dict.; 2 Words and Phrases (2d Series), 64.

In the answer in the instant case the defendant has abstained from giving the court any reason for its action, any facts upon which it was based if any facts were before it. In effect, it has replied to our order to show cause that it has exercised its discretion and it is no concern of the court what prompted it so to do. Instead of stating facts from which this court can reach a legal conclusion that it has exercised its discretion, it only states such legal conclusion without any facts upon which to base it. Facts should be stated, not conclusions. If such an answer is sufficient to our order to show cause then the actions

of such boards possessed of discretionary power are immune from judicial inquiry. All that they would be required to say is that they have used their discretion without giving any reason for their decision or stating any facts which are the basis of their finding; they could register or refuse to register without giving any reason at all for their action; they could at will register one applicant and reject another possessed of the same qualifications. Indeed, that was what was done in the instant case. This is not the exercise of discretion but of arbitrary will. Had the defendant submitted to us facts before it, if any facts were before it, which formed a basis for the exercise of an honest judgment, had it given to us substantial reasons which prompted its action, this court would be very loath to disturb its conclusion; but we must dispose of the case on the pleadings before us and upon such pleadings we are constrained to hold that defendant has not by its answer shown cause why the writ should not issue.

The writ will, therefore, issue as prayed, but without costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.