SALOWITZ *v.* STATE BOARD OF REGISTRATION IN
MEDICINE.

1. PHYSICIANS AND SURGEONS—DISCRETIONARY POWER OF BOARD OF
REGISTRATION—RECIPROCITY AS TO ADMISSIONS TO PRACTICE.
Under reciprocity provisions for registration of applicants for
license to practice medicine the board of registration has dis-
cretionary power to grant or refuse registration, necessarily
a rather broad discretion since it is supervising the health of
several million people, and it is only when an abuse of discre-
tion is shown that the courts will interfere (2 Comp. Laws
1929, § 6739, subd. 2).

2. SAME—DISCRETION OF BOARD—RECIPROCITY—FINDINGS ON REFER-
ENCE—RECORD.
Findings that applicant for license to practice medicine in this
State under reciprocity provisions of registration act was not
a graduate of an accredited school, that plaintiff's claim his
school had been impliedly approved by the board of registra-
tion was not sustained and that the board's refusal to license
plaintiff was not an abuse of discretion vested in it by the
statute *held*, sustained by record made on reference to circuit
judge in mandamus proceeding (2 Comp. Laws 1929, § 6739,
subd. 2).

Petition for writ of mandamus by Irving W. Salo-
witz to compel the Michigan State Board of Regis-
tration in Medicine to register him as a physician
and surgeon entitled to practice. Referred to Leland
W. Carr, Ingham Circuit Judge, for taking of testi-
mony and findings thereon. Submitted April 19,
1938. (Calendar No. 39,425.) Writ denied June 30,
1938. Rehearing denied October 3, 1938.

*Donald F. Welday* (*Harry F. Pisula,* of counsel), for plaintiff.

*Raymond W. Starr,* Attorney General, *Joseph Zwerdling,* Assistant Attorney General, for defendant.

CHANDLER, J.   Plaintiff is seeking from this court a writ of mandamus directing the Michigan State board of registration in medicine to register him as a physician and surgeon to entitle him to the exercise and privilege of his profession in this State.   Upon the issuance of an order to show cause this court ordered that the issues framed by the pleadings herein be referred to the circuit court for Ingham county for the taking of testimony and filing of findings thereon.

Pursuant to such order and the stipulation of the attorneys for the respective parties, testimony was taken before the Honorable Leland W. Carr, circuit judge in and for the county of Ingham, a transcript of which, together with copies of the exhibits and findings of fact made thereon, was returned to this court and are a part of the record herein.   Judge Carr made the following findings of fact:

"That plaintiff is a resident of the city of Detroit, and a citizen of the United States.

"That during a three-year period beginning in October, 1922, and ending in the summer of 1925 plaintiff attended the Detroit College of Medicine and Surgery, which institution he left without graduating, and with conditions in certain subjects.

"That following the termination of his studies in the Detroit College of Medicine and Surgery plaintiff, in October, 1925, entered the Chicago Medical School at Chicago, Illinois, pursuing his studies there until June, 1927.   During the ensuing year he was an

interne at the Saint Joseph Mercy Hospital at Detroit, and on the 1st of July, 1928, received his diploma from the Chicago Medical School.

"That subsequently to such graduation plaintiff was permitted to take the medical examination given pursuant to the "medical practice act" of the State of Illinois, and under date of September 8, 1928, was duly licensed to practice medicine and surgery in the State of Illinois, such license being granted by the department of registration and education of said State.

"That in June, 1927, and again in June, 1928, plaintiff sought permission to take the medical examination offered in the State of Michigan by the defendant board, permission in each case being denied on the ground that the Chicago Medical School was not on the accredited list as recognized in this State.

"That following his registration in the State of Illinois plaintiff practiced in that State during the year 1929 for a period of approximately eight months; that during 1931 he was associated with Doctor H. Harrison in the city of Detroit; and that from February, 1936 to March, 1937, he practiced with Doctor McKillop, who maintained offices in Wolverine and Gaylord, in this State.

"That during the time plaintiff was associated with Doctor McKillop he was at times in charge of the Wolverine office, and treated patients who came to that office. According to plaintiff's testimony he, on occasions, treated patients who had not previously received treatment from Doctor McKillop, doing this in the latter's absence and without his specific request.

"That in June, 1933, plaintiff again presented his application to the Michigan board and was refused recognition on the ground of the insufficiency of his credentials. This application was apparently based on the reciprocity provisions of the Michigan medical practice act, 2 Comp. Laws 1929, § 6739 (Stat. Ann. § 14.533). After that, in October, 1934, plaintiff

again submitted or renewed his application for registration under the reciprocity clause and his application was again denied. The instant proceeding has been brought to test the legality and propriety of such refusal.

"That it has been the general policy of the Michigan State board of registration in medicine, during the past 10 years and at the present time, to grant a license under the reciprocity clause of the statute only when examination in the other State concerned had been given to the applicant on the basis of such preparation and credentials as were regarded as sufficient for the granting of permission to take the examination given by the Michigan board.

"That it has been the general policy of the defendant board for a number of years past, at least since June 18, 1928, to grant recognition only to graduates of so-called class 'A' medical schools, and that in establishing its classification of such institutions it has accepted the recommendation of the Council on Medical Education and Hospitals of the American Medical Association. It further appears that defendant is a member of the Federation of State Medical Boards of the United States, an organization formed for the purpose of harmonizing rules and regulations maintained in the different States and for promoting uniform and harmonious reciprocal relations between States. The results of the investigations of medical schools as made by the Council on Medical Education and Hospitals is made available to State boards through the Federation. On behalf of defendant it is claimed that this method of procedure is expedient because of the practical impossibility of satisfactory independent investigations into all such institutions, and that the work of the inspectors employed by the council is considered satisfactory and efficient.

"That the Council on Medical Education and Hospitals has not at any time during the past 10 years recognized the Chicago Medical School as a class 'A'

school. In 1927 and 1928 it was listed as a class 'C' institution, and since has been refused recognition at all.

"That it is the claim of the defendant board that it has at all times refused to extend recognition to graduates of the Chicago Medical School under the reciprocity clause of the Michigan statute, and likewise under the provisions relating to examinations conducted by defendant. The testimony taken does not disclose any instance wherein a graduate of said school has been licensed under the reciprocity provision, following admission to practice in another State.

"That it is the claim of the plaintiff that defendant impliedly recognized the Chicago Medical School by allowing one Walter A. McGillicuddy to write the Michigan examination in June, 1926, which examination McGillicuddy passed and was subsequently granted a certificate of registration. Testimony relating to the McGillicuddy case was offered by plaintiff and received over the objection of counsel for the defendant as to its materiality. It appears from the records of the defendant board (transcript, exhibit 4) that Doctor McGillicuddy attended the Detroit College of Medicine from September, 1909 to May, 1913, and subsequently graduated from the Chicago Medical School in June, 1925. Following his passing the examination, in June, 1926, he was required to take a year of interneship, the certificate of registration being authorized in June, 1927. It appears that permission to write the Michigan examination, conditionally, was based on his work in the Detroit College of Medicine, his service in France during the war, and, apparently, attendance at the Chicago Medical School from October, 1923 to June, 1925. It further appears that he had been associated with Doctor Shurly, and that he was recommended to the board by Doctor Shurly, and by others. The final resolution of the board under date of June 15, 1927, appears

to have been based on work done in the Detroit College of Medicine and Surgery and the board examination. It is not shown that the action of the defendant board, in allowing McGillicuddy to write the examination, was based solely on his graduation from the Chicago Medical School.

"That subject to the limitation indicated in paragraph 9 the Michigan State board of registration in medicine has maintained reciprocal relations with the State of Illinois, and continues to do so at the present time."

The statute (2 Comp. Laws 1929, § 6739 [Stat. Ann. § 14.533]) provides the procedure for registration, a portion thereof being quoted:

"This registration and certificate shall be granted to such applicants as shall furnish satisfactory proofs of being at least twenty-one years of age, and of good moral and professional character, but only upon compliance with the following conditions contained in one or either of subdivisions one and two of this section."

Under subdivision 1 the procedure is by examination. No claim is made in the instant case under this provision. Under subdivision 2, the procedure is by virtue of reciprocity with other States, this provision reading in part as follows:

"The applicant may, at the discretion of the board, be registered and given a certificate of registration if he or she shall present satisfactory proof of the possession of a certificate of registration or license which has been issued to said applicant within the States, territories, districts or provinces of the United States, or within any foreign country, where the requirements for the registration of said applicant at the date of his or her license shall be deemed by said board of registration in medicine to be equivalent to those of this act."

It is to be noted that under the provisions of subdivision 2 the granting or refusal of registration rests within the *discretion* of the board. To such board is not committed the exercise of an arbitrary will, but its acts must be based upon the exercise of sound discretion. In exercising supervision over the health of several millions broad discretionary powers must be necessarily granted, and it is only when that discretion is abused that the courts will interfere.

Plaintiff relies on *Wilson* v. *Michigan State Board of Registration in Medicine,* 228 Mich. 25, in support of his contention that defendant has abused its discretion in denying him a license to practice his profession in this State. The facts in the cited case and in the instant case are clearly distinguishable.

In the *Wilson Case, supra,* the court found that the defendant had abstained from giving any reason for its refusal to grant the application in question; that in effect the board had replied to the court's order to show cause that it had exercised its discretion, and that it was no concern of the court what prompted it so to do; that instead of stating facts from which the court could reach a legal conclusion that it had exercised its discretion, it had only stated such conclusion without any facts upon which to base it; and, that if such an answer was sufficient to an order to show cause, then the actions of such boards possessed of discretionary power were immune from judicial inquiry. It was alleged in the petition in that case that plaintiff was a graduate of the Georgia School of Eclectic Medicine, and that he was licensed to practice medicine and surgery in the State of Georgia by its medical examiners; that the requirements for registration in Georgia were deemed by defendant to be the equivalent of those in this State, and that the two States had reciprocal relations; and, that the

defendant board had licensed others from Georgia, including one Stewart who was· graduated in the same class as plaintiff and who was licensed there the same day that he was. Defendant in its answer to such order admitted plaintiff's graduation and registration in Georgia; stated that it did not "fully" maintain reciprocal arrangements with the Georgia board, but did not state wherein they fell short; admitted that it had licensed other applicants who had been licensed in Georgia, including said Stewart; and, denied that it deemed the requisites in Georgia equivalent to those in this State, but failed to show in what regard they did not measure up and did not claim that this was the reason for its refusal. Under such a state of facts as there presented, it was clearly apparent to this court that the defendant board had not exercised a sound discretion but had taken an arbitrary and ill-advised position.

In the instant case, it appears from the record that it has been the general policy of the defendant board for a number of years past, at least since June, 1928, to grant recognition only to graduates of class "A" medical schools, and that in establishing the classification of such institutions it had accepted the recommendations of the Council on Medical Education and Hospitals of the American Medical Association; that the defendant is a member of the Federation of State Medical Boards of the United States, an organization formed for the purpose of harmonizing rules and regulations maintained in the different States and for promoting a uniform and harmonious reciprocal relation between States; that the results of investigations of medical schools as made by the Council on Medical Education and Hospitals of the American Medical Association is available to all State boards through the Federation, and that this

method of procedure is expedient because of the practical impossibility of independent investigation of all medical institutions; that the work of the inspectors employed by the council is considered satisfactory and efficient; and, that the Council on Medical Education and Hospitals of the American Medical Association had not at any time during the past 10 years recognized the Chicago Medical School, of which petitioner was a graduate, as a class "A" school. In 1927 and 1928 the Chicago Medical School was listed as a class "C" institution and since the date last mentioned has been refused any recognition at all.

Petitioner claimed that the defendant had impliedly recognized the Chicago Medical School by allowing one Walter E. McGillicuddy to write the Michigan examination in June, 1926, which examina-McGillicuddy passed and was subsequently granted a certificate of registration. The proceedings of the defendant on June 15, 1927, in the McGillicuddy case, as shown by its official records and the record in this case, are as follows:

"Dr. McGillicuddy attended the Detroit College of Medicine & Surgery from September, 1909, to May, 1913; attended all classes and paid all required fees. At the end of this period he was informed that, owing to a condition in anatomy during his first year in the school not having been removed, he would be given no credit for any of his work. He then became associated with Dr. Burt R. Shurly, in the Detroit Eye, Ear, Nose and Throat Hospital, remaining there since that date, except for his war service with Base Hospital No. 36, in France, and some further hospital service in Chicago, following the war. He also attended the Chicago Medical College, in 1923–1924, and obtained a degree from this school. This is not a recognized medical school with this board.

"Dr. McGillicuddy was admitted conditionally to the board examination, June, 1926, at Detroit, which he passed with an average of 84.6 per cent. Asks that the board issue him a certificate of registration upon the basis of his work in the Detroit College of Medicine & Surgery, and the board examination. The committee recommends that this be done."

The foregoing proceedings indicate that the application of Dr. McGillicuddy for a certificate received the approval of the board based upon his work in the Detroit College of Medicine & Surgery and the results of the board examination and not upon the fact of his graduation from the Chicago Medical College.

It may also be readily seen that the opinion in *Wilson* v. *Michigan State Board of Registration in Medicine, supra,* does not support the contention of plaintiff in the instant case.

We must hold under the findings of fact made by Judge Carr, which are amply supported by the record and the minutes of meetings of the defendant board, copies of which appear in the record, that defendant did not abuse the discretion vested in it by the statute in denying plaintiff registration in this State as a practicing physician and surgeon.

Writ denied, without costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.