ALBERT SEYMOUR ROTHSEID, RELATOR, v. STATE BOARD OF MEDICAL EXAMINERS, RESPONDENT.

Argued June 6, 1944—Decided July 18, 1944.

Before Justice PORTER, at chambers.

For the relator, *Jacob L. Newman.*

For the respondent, *Walter D. Van Riper,* Attorney-General, and *Joseph A. Murphy,* Assistant Attorney-General.

The opinion of the court was delivered by

PORTER, J. Albert Seymour Rothseid seeks a writ of *mandamus* to compel the State Board of Medical Examiners, respondent, to license him to practice medicine and surgery in this state by virtue of his license to so practice in the State of Massachusetts or in the alternative to admit him for examination for such license by said board. Relator is a graduate of Middlesex University, School of Medicine of Massachusetts, and holds its degree of Doctor of Medicine. He was admitted to examination in Massachusetts for a license to practice medicine and surgery; he met the requirements, was duly licensed and is practicing his profession in that state as a resident physician in the Lawrence General Hospital at Lawrence, Massachusetts. His application for a license from the respondent to practice in this state or to be admitted to an examination for such license has been denied. The reason for such action by respondent is because relator has not met the legal requirement by graduation from a medical school approved by it. *R. S.* 45:9–5.1 provides that an applicant for a license to practice medicine and surgery shall have received a diploma from a professional school which in the opinion of the board "was in good standing at the time of the issuance of the diploma." *R. S.* 45:9–13 provides for the licensing without examination of an applicant who has been licensed to practice in another state provided that he has met all other requirements "demanded in the other sections of this article relating to applicants for admission by examination."

The question to be determined is whether the respondent is justified in classifying Middlesex University School of Medicine as an institution which was not in good standing. It appears that it bases its conclusion in the grading and standing of medical schools on the standard adopted by the

Committee of Education of the American Medical Association and makes public the names of the schools which it approves. It is argued by the relator that the action of the respondent in accepting the grading of medical schools by the American Medical Association is without using its own judgment or discretion but constitutes an unlawful delegation of its duty and power. We think not. It is entirely within its discretion, it seems to us, to adopt the standard and grading of an organization of which it has knowledge and confidence. We think it acted within its sound discretion within the meaning of the statute *supra* and was not actuated by arbitrariness or capriciousness. Compare *Salowitz* v. *Michigan State Board,* 285 *Mich.* 214; 280 *N. W. Rep.* 737; *Rosenthal* v. *State Bar Examining Committee (Conn.),* 165 *Atl. Rep.* 211.

We conclude that the relator has not shown any violation of his rights which entitles him to a writ. The application is denied, but without costs.