### COFFMAN v. STATE BOARD OF EXAMINERS IN OPTOMETRY.

1. CONSTITUTIONAL LAW—DELEGATION OF POWERS—QUALIFICATIONS OF SCHOOLS OF OPTOMETRY.

  The legislature may not delegate to a nongovernmental body the rating of optometric schools or colleges under statute providing for examination of applicants for license to practice optometry who have graduated from qualified schools (CL 1948, § 338.253).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur, Constitutional Law § 222; 41 Am Jur, Physicians and Surgeons § 19.
[2] 11 Am Jur, Constitutional Law § 152; 50 Am Jur, Statutes, § 474.
[3, 15] 41 Am Jur, Physicians and Surgeons §§ 28, 33.
[3, 15] Constitutionality of statutes and validity of regulations relating to optometry. 98 ALR 905.
[4, 12–14, 16] 41 Am Jur, Physicians and Surgeons § 37.
[5] 11 Am Jur, Constitutional Law § 232.
[6] 42 Am Jur, Public Administrative Law § 53.
[7–10] 42 Am Jur, Public Administrative Law §§ 25, 35.
[11] 42 Am Jur, Public Administrative Law §§ 48, 49.
[17] 35 Am Jur, Mandamus § 393.

2. STATUTES—DELETION OF UNCONSTITUTIONAL PROVISION.

Portion of statute making an unconstitutional delegation of power to a nongovernmental agency is deleted and statute, operable without it, remains valid (CL 1948, §§ 8.5, 338.253).

3. CONSTITUTIONAL LAW—OPTOMETRISTS—MINIMUM REQUIREMENTS.

The legislature, under its police power, has the power and authority to prescribe minimum requirements for those who seek to become optometrists (CL 1948, § 338.253).

4. PHYSICIANS AND SURGEONS—OPTOMETRISTS—STATUTES.

Statutory requirement that an optometric school must give a course in optometry of at least 2 years of 6 months each did not intend a calendar year of 365 days but that the school year should be at least 6 months devoted to the study of optometry and permitted acceleration of the time required to complete the prescribed course by attending summer session (CL 1948, § 338.253).

5. CONSTITUTIONAL LAW—ADMINISTRATIVE AGENCIES—RULES AND REGULATIONS—ABUSE OF DISCRETION—COURTS.

The right to allow an administrative agency to adopt rules and regulations to effectuate the purposes of the legislation is well recognized and it is only when the discretionary power is abused that courts will interfere.

6. OFFICERS—RULE-MAKING POWER—ABRIDGMENT OR ENLARGEMENT OF STATUTORY POWERS.

An administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given to it by the statute conferring the power to make rules.

7. SAME—RULES AND REGULATIONS—IMPLIED POWERS.

The authority of an administrative board or officer to adopt reasonable rules and regulations which are deemed necessary to the due and efficient exercise of the powers expressly granted may be implied from the power granted.

8. SAME—COMMON LAW—STATUTES.

Administrative boards, commissions, and officers have no common-law powers, their powers being limited by the statutes creating them to those conferred expressly or by necessary or fair implication.

9. SAME—CONSTRUCTION OF POWERS—INTENT.

The authority given an administrative board or commission

should be liberally construed in the light of the purposes for which it was created, in determining whether it has a certain power and that which is incidentally necessary to a full exposition of the legislative intent should be upheld as being germane to the law.

10. SAME—INTERNAL ADMINISTRATION—IMPLIED POWERS.
Implication of necessary powers may be especially appropriate in the field of internal administration by an administrative board or commission but powers should not be extended by implication beyond what may be necessary for their just and reasonable execution.

11. SAME—RULE-MAKING POWER—FINDING OF FACTS—DISCRETION.
The legislature, within limits defined in the law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a statute.

12. PHYSICIANS AND SURGEONS—OPTOMETRISTS—STANDARDS FOR PROFESSIONAL SCHOOLS—RULES AND REGULATIONS.
The legislative intent to set up minimum standards for professional schools and rating the schools accordingly, indicated by an unconstitutional delegation of power to do so on a nongovernmental agency, would be a guide to the State board of examiners in optometry in their promulgation of rules and regulations (CL 1948, § 338.253).

13. SAME—OPTOMETRISTS—STANDARDS FOR PROFESSIONAL SCHOOLS—STATE BOARD OF EXAMINERS—STATUTES.
The State board of examiners in optometry may set up higher standards for professional schools teaching optometry than the minimum standards set forth in the statute creating the board, hence rule requiring a professional school or college to give a course of at least 4 years had a proper relationship to the statute creating the board and was not invalid because the statute set a minimum standard of a course of 2 years of 6 months each (CL 1948, § 338.253; Administrative Code 1944, p 477).

14. SAME—OPTOMETRISTS—RULES AND REGULATIONS—DEPRIVATION OF PROPERTY RIGHTS.
Rule of State Board of examiners in optometry requiring that applicants be graduates in optometry of a university, school or college approved by the board giving a course of at least 4 years did not deprive applicant who had not graduated from

a school giving a course of such length of any personal property rights (CL 1948, § 338.253).

15. LICENSES—OPTOMETRISTS—STATUTES—RULES AND REGULATIONS.

The right to practice optometry is a privilege granted by the State and is subject to the statutory law and the reasonable and proper rules of the State board of examiners in optometry vested with the administration of such law (CL 1948, § 338.-251 *et seq.*).

16. MANDAMUS — OPTOMETRISTS — EXAMINATION — DISCRETION OF BOARD.

Graduate of a college of optometry which had not been approved by the State board of examiners as required by one of its regulations did not have qualifications entitling him to compel defendant board to permit him to take examination and its denial of permission to take the examination did not constitute an abuse of discretion on the part of the board (CL 1948, § 338.253).

17. COSTS—PUBLIC QUESTION—MANDAMUS—OPTOMETRISTS—EXAMINATION.

No costs are allowed on denial of mandamus to compel State board of examiners in optometry to examine applicant who had graduated from a college of optometry which had not been approved by the board, a public question being involved (CL 1948, § 338.251 *et seq.*).

Mandamus by Henry Coffman against State Board of Examiners in Optometry of the State of Michigan and others to allow plaintiff to take examination. Submitted September 18, 1951. (Calendar No. 45,086.) Writ denied December 3, 1951.

*Haskell L. Nichols,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

SHARPE, J. Plaintiff, Henry Coffman, seeks a writ of mandamus to compel the defendant State

board of examiners in optometry to permit him to take an examination in optometry.

Plaintiff shows that he is a citizen of the United States, a resident of Wayne county, Michigan, a graduate of Cass Technical High School of Detroit and has served 7 years in the army and navy of the United States. He also shows that he is a graduate of Monroe College of Optometry of Chicago, Illinois, under an accelerated course of instruction; that he passed the Illinois State Board in Optometry examination and was issued a certificate by the State of Illinois in 1947.

Plaintiff was denied an opportunity to take the Michigan examination in optometry for the reason that the Monroe College of Optometry did not teach a 2-year course in optometry and is not an accredited optometry college.

One of the sections of the statute in controversy here, CL 1948, § 338.253 (Stat Ann § 14.643), provides in part:

"After May first, 1925, the applicant shall be at least 21 years of age, of good moral character, who is a graduate of an optometric school or college rated as class A or class B by the international association of boards of examiners in optometry, teaching optometry and giving a course of at least 2 years of 6 months each. The said board herein provided for is hereby empowered to fix from time to time, the number of hours of actual clinical instruction and recitation necessary to constitute a year's attendance course at an optometric school or college, to comply with the requirements herein stated."

By virtue of CL 1948, § 338.251 (Stat Ann § 14.641), the board of examiners in optometry is authorized to make rules and regulations governing the practice of optometry and such other rules as may be necessary to carry out the provisions of the

act.  By virtue of the above act the board adopted the following rule:

"Applicants for examination must be 21 years of age, of good moral character and must be possessed of an education equal to a 4 years' high school course, Michigan standard, and be a graduate in optometry of a university, school or college approved by the Michigan State board of optometry, giving a course of at least 4 years." Michigan Administrative Code 1944, p 477.

It also appears that the above rule was approved by the attorney general on October 24, 1944.  It is to be noted that the rule adopted by the board raises the statutory minimum from 2 years of 6 months each to "a university, school or college approved by the Michigan State Board of Optometry, giving a course of at least *4 years*." It is conceded that the Monroe College of Optometry did not give a course of study in optometry of at least 4 years nor was it approved by the Michigan board of optometry.

On February 1, 1951, the attorney general ruled that the provision of CL 1948, §388.253, requiring applicant for examination to have graduated from optometric school or college rated as class A or class B by the international association of boards of examiners in optometry is void as attempted delegation of legislative power to a nongovernmental body, but held that the excision of the *ultra vires* phrase would not affect the validity of the remainder of the act. Both plaintiff and defendants accept the ruling of the attorney general, at least the issue referred to in the opinion is not argued.  The opinion states:

"The legislative power of this State is vested in the legislature and in the people by Constitution 1908, art 5.  The legislature is prohibited by the Constitution from delegating legislative powers to non-Michigan governmental agencies (*Minor Walton Bean*

*Company* v. *Unemployment Compensation Commission,* 308 Mich 636, 654, 655; *Colony Town Club* v. *Unemployment Compensation Commission,* 301 Mich 107, 113–114) or to private individuals or associations (*People, ex rel. Shumway,* v. *Bennett,* 29 Mich 451 [18 Am Rep 107] ; *Senate of Happy Home Clubs of America* v. *Alpena County Supervisors,* 99 Mich 117 [23 LRA 144] ; *In re Petition of Hawkins to Vacate Alley,* 244 Mich 681, 684; *People* v. *Hall,* 290 Mich 15, 29–32).   *  *  *

"The excision of the *ultra vires* phrase will not affect the validity of the remainder of the act.  See CL 1948, § 338.260 note (Stat Ann 1949 Cum Supp § 14.651) ; PA 1945, No 267, § 4 (Stat Ann 1949 Cum Supp § 2.354) ; CL 1948, § 8.5 (Stat Ann 1949 Cum Supp § 2.216) ; *Evans Products Company* v. *State Board of Escheats,* 307 Mich 506, 549."

We are in accord with such opinion and hold that the legislature could not delegate to the international association of boards of examiners in optometry the rating of optometric schools or colleges as required under the act.

In view of our holding the statute would read:

"The applicant shall be at least 21 years of age, of good moral character, who is a graduate of an optometric school or college teaching optometry and giving a course of at least 2 years of 6 months each. The said board herein provided for is hereby empowered to fix from time to time, the number of hours of actual clinical instruction and recitation necessary to constitute a year's attendance course at an optometric school or college, to comply with the requirements herein stated."

See CL 1948, § 8.5 (Stat Ann 1949 Cum Supp § 2.216) ; *People* v. *McMurchy,* 249 Mich 147.

There is no question but that the legislature, acting under its police power, has the power and authority to prescribe minimum requirements for those who seek to become optometrists.  When the legis-

lature provided that an applicant shall be a graduate of an optometric school giving a course of at least 2 years of 6 months each, it did not intend a calendar year of 365 days, but that the school year should be at least 6 months devoted to the study of optometry. It is a well known fact that many students have accelerated the time required to complete a prescribed course by attending summer school and thus been able to graduate before the usual time of graduation.

The right to allow an administrative agency to adopt rules and regulations to effectuate the purposes of the legislation is well recognized. See *United States* v. *Grimaud,* 220 US 506 (31 S Ct 480, 55 L ed 563); *People* v. *Soule,* 238 Mich 130; and *Sherlock* v. *Stuart,* 96 Mich 193 (21 LRA 580).

In *Salowitz* v. *State Board of Registration in Medicine,* 285 Mich 214, we said:

"In exercising supervision over the health of several millions broad discretionary powers must necessarily be granted, and it is only when that discretion is abused that the courts will interfere."

In *Ranke* v. *Corporation & Securities Commission,* 317 Mich 304, we quoted and adopted the following:

"In *California Drive-In Restaurant Association* v. *Clark,* 22 Cal2d 287, 302 (140 Pac2d 657, 147 ALR 1028), that court said:

" 'It is true that an administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given to it by the statute, the source of its power.   *   *   * However, "the authority of an administrative board or officer,   *   *   * to adopt reasonable rules and regulations which are deemed necessary to the due and efficient exercise of the powers expressly granted cannot be questioned. This authority is implied from the power granted." ' "

In 42 Am Jur, § 26, p 316 *et seq.,* it is stated:

"Administrative boards, commissions, and officers have no common-law powers. Their powers are limited by the statutes creating them to those conferred expressly or by necessary or fair implication. * * * In determining whether a board or commission has a certain power, the authority given should be liberally construed in light of the purposes for which it was created and that which is incidentally necessary to a full exposition of the legislative intent should be upheld as being germane to the law. * * * Implication of necessary powers may be especially appropriate in the field of internal administration. However, powers should not be extended by implication beyond what may be necessary for their just and reasonable execution."

In *Roberts Tobacco Co.* v. *Department of Revenue,* 322 Mich 519, we said:

"The rule is firmly established that the legislature may authorize the adoption by an administrative agency, charged with the administration of the provisions of a statute, of rules and regulations to carry out the purpose of the legislature as expressed by it. In *Argo Oil Corporation* v. *Atwood,* 274 Mich 47, it was said:

" 'It is too well settled to need the citation of supporting authorities that the legislature, within limits defined in the law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a statute.'

"See, also, *Warnshuis* v. *State Board of Registration in Medicine,* 285 Mich 699; *Toole* v. *Michigan State Board of Dentistry,* 306 Mich 527; *Ranke* v. *Corporation & Securities Commission,* 317 Mich 304."

While the function of setting professional school standards and rating the schools accordingly was expressly intrusted to the international association

of boards of examiners in optometry by the legislature, which for reasons heretofore mentioned we hold unconstitutional, yet it does indicate legislative intention to set up minimum standards as a guide to the board. It does not follow that the board cannot, within reason, adopt higher standards than the minimum set up in the legislation. We have examined the rule adopted by the board and conclude that it has a proper relationship to the legislative act. The rule does not deprive plaintiff of any personal property rights. His right to practice optometry is a privilege granted by the State and is subject to the statutory law and the reasonable and proper rules of the board. The record does not support plaintiff's claim that his qualifications are such as to compel defendant board to permit him to take the examination. See *Toan* v. *McGinn,* 271 Mich 28.

We find no arbitrary abuse of discretion on the part of the board calling for redress. The writ of mandamus is denied, but without costs as a public question is involved.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.