### LEILA Y. POST MONTGOMERY HOSPITAL *v.*
### LABOR MEDIATION BOARD

1. LABOR RELATIONS—REPRESENTATION—ELECTIONS—STATUTES.
   Elections to determine who shall be a collective bargaining agent are controlled by statute (MCLA § 423.29).

2. LABOR RELATIONS—REPRESENTATION—ELECTIONS—RULES.
   The labor mediation board shall determine who is eligible to vote in an election for a collective bargaining agent and shall establish rules governing the election (MCLA § 423.29).

3. LABOR RELATIONS—REPRESENTATION—ELECTIONS—ABSENTEE BALLOT.
   A person entitled to vote in an election for a collective bargaining agent may procure an absentee ballot by making a written request for one (Ad. Code Supp No 54, R 423.447[5]).

4. LABOR RELATIONS — REPRESENTATION — ELECTIONS — MEDIATION BOARD — DISCRETION.
   Upholding an election for a collective bargaining agent at a hospital was not an abuse of the Labor Mediation Board's discretion, although an election officer refused an oral request to allow a ballot to be taken to an eligible employee, a registered nurse who desired to vote in the election and was a patient in the hospital at that time but could not go to the voting place, since she could have procured an absentee ballot by making a written request for one (Ad. Code Supp No 54, R 423.447[5]).

Appeal from State Labor Mediation Board. Submitted Division 1 December 4, 1969, at Detroit. (Docket No. 6,514.) Decided December 8, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations § 438 *et seq.*
[2–4] 48 Am Jur 2d, Labor and Labor Relations § 502 *et seq.*

Objections to the conduct of a representation election were filed with the State Labor Mediation Board by Leila Y. Post Montgomery Hospital against the Michigan Nurses Association. Objections overruled by the board. The employer appeals. Affirmed.

*Clark, Klein, Winter, Parsons & Prewitt* (*H. William Butler, David M. Hayes* and *Jeffrey L. Dow,* of counsel), for appellant Leila Y. Post Montgomery Hospital.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for appellee State Labor Mediation Board.

*Byron H. Higgins* and *Kenneth M. Smythe,* for appellee Michigan Nurses Association.

Before: R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

Per Curiam. This case concerns an appeal filed by Leila Y. Post Montgomery Hospital from an order of the Labor Mediation Board overruling the employer's objections to the conduct of a representation election.

The election was conducted pursuant to a consent agreement entered into by the employer and the Michigan Nurses Association on June 27, 1968. The purpose of the election was to determine whether two units of nurses—registered nurses and house supervisors—wished to be represented by the association.

On July 8, 1968, the election was conducted in the hospital between 6:45 a.m. and 8:30 a.m. and between 2:30 and 4:30 p.m. Thirty-four nurses

voted for union representation and 33 voted against it. Another registered nurse, Mrs. Frances Kemeny, did not vote and the reasons why she did not gave rise to this dispute.

Mrs. Kemeny, an employee of the hospital for five years, entered the hospital as a patient June 28, 1968, ten days before the election was held.

Mrs. Kemeny always intended to vote at the election and she thought she would be able to get to the voting place in a wheelchair and so she did not apply for an absentee ballot.

On the day of the election Mrs. Kemeny prepared to go downstairs to vote. The attending nurse called the patient's doctor to get his approval. The doctor told the attending nurse that Mrs. Kemeny was not to leave her bed.

Later that day one of the hospital personnel asked the election representative of the Michigan Nurses Association if a ballot could be taken to Mrs. Kemeny. The representative answered that it would be out of order.

During the afternoon voting session, the board's election officer refused a request to have a ballot taken to the patient because it would be irregular and out of order.

Mrs. Kemeny left the hospital August 7, 1968.

The employer's objections to the conduct of the election in the respects indicated above were overruled by the board in an opinion dated September 26, 1968. The employer filed a motion for reconsideration on October 16, 1968, which was denied by an order entered on October 25, 1968.

On appeal, the employer contends that the board has a duty to assure all eligible voters an opportunity to vote; that the board abused its discretion in refusing to allow Mrs. Kemeny to vote; and that arrangements could have been made to permit her

to vote without disturbing the integrity of the election process.

The statutory authority controlling elections to determine who shall be the collective bargaining agent is MCLA § 423.29 (Stat Ann 1968 Rev § 17.454 [31]). The statute provides in part that "the board shall determine who is eligible to vote in the election and shall establish rules governing the election." In light of the fact that Mrs. Kemeny could have procured an absentee ballot by making a written request for one (Michigan Administrative Code Supp No 54, R 423.447[5]), we do not find it was an abuse of the board's discretion in upholding the election. See *NLRB* v. *A. J. Tower Co.* (1946), 329 US 324 (67 S Ct 324, 91 L Ed 322), *Coffman* v. *State Board of Examiners in Optometry* (1951), 331 Mich 582, and *Nemer* v. *State Board of Registration for Architects, Professional Engineers and Land Surveyors* (1966), 5 Mich App 286, which delineate the scope of judicial review of the acts of administrative agencies.

Affirmed.