MICHIGAN PETROLEUM ASSOCIATION v STATE FIRE SAFETY BOARD

Docket No. 61384. Submitted October 7, 1982, at Lansing.—Decided January 12, 1983.

Plaintiffs, Michigan Petroleum Association, and others, filed a complaint for declaratory relief in the Ingham Circuit Court against defendants, State Fire Safety Board, and others, seeking a judgment that hazardous materials inspection fees emergency rules promulgated by the State Fire Safety Board were invalid. The trial court, Michael G. Harrison, J., issued a written opinion finding that the emergency rules were validly enacted and enforced and entered a declaratory judgment accordingly. Plaintiffs appeal alleging that: (1) the emergency rules were adopted and promulgated in violation of the procedures prescribed by the Administrative Procedures Act of 1969, (2) a state of emergency did not exist in order for the rules to be effected in a summary fashion, and (3) the inspection fees are invalid because they are applied retroactively to inspections completed before the adoption of the rules. *Held:*

1. A state agency does not have to follow the procedures delineated in the Administrative Procedures Act of 1969, concerning the adoption and promulgation of rules, in instances of emergencies.

2. The board did not abuse its rule-making authority. There was a substantial basis for the board's finding that the public interest required promulgation of the emergency rules.

3. Enforcement of the fire inspection rules from the beginning of the fiscal year does not result in retroactive application. Since the Fire Prevention Code empowers the board to collect annual inspection fees, only the amounts of the assessments were determined by the emergency rules.

Affirmed.

1. STATUTES — ADMINISTRATIVE LAW — AGENCY RULES — EMERGENCY RULES.

The statute pertaining to legislative approval of a state agency's

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 277 *et seq.*
[3] 2 Am Jur 2d, Administrative Law §§ 308, 311.

proposed rules does not apply to the promulgation of emergency rules (MCL 24.245, subds [5]-[7]; MSA 3.560[145], subds [5]-[7]).

2. ADMINISTRATIVE LAW — AGENCY RULES — EMERGENCY RULES.

A state agency, in instances of emergencies, does not have to follow the procedures delineated in the Administrative Procedures Act of 1969 concerning the adoption and promulgation of rules (MCL 24.248; MSA 3.560[148]).

3. STATUTES — EMERGENCY RULES — RETROACTIVITY.

The enforcement of hazardous materials inspection fees emergency rules promulgated by the State Fire Safety Board during a fiscal year from the beginning of that fiscal year does not result in retroactive application where the Fire Prevention Code empowers the board to collect annual inspection fees and where only the amounts of the assessments were determined by the emergency rules (MCL 29.1 *et seq.;* MSA 4.559[1] *et seq.*).

*McLellan, Schlaybaugh & Whitbeck* (by *Richard D. McLellan* and *Rex E. Schlaybaugh, Jr.,* and *William J. Perrone),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Moquin* and *William E. Molner,* Assistants Attorney General, for defendants.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. On September 19, 1980, plaintiffs, Michigan Petroleum Association (MPA) and others, filed a complaint for declaratory relief in the Ingham County Circuit Court against defendants, State Fire Safety Board and others,[1] seeking a judgment that emergency inspection fee rules promulgated by the State Fire Safety Board (hereinafter board) on April 1, 1980, were invalid. On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 29.3b; MSA 4.559(3b).

October 30, 1981, the trial court issued a written opinion in which it found that the emergency rules were validly enacted and enforced. Plaintiffs appeal as of right.

In their complaint, plaintiffs[2] alleged, among other things, that the inspection fee rules promulgated by the board were in violation of the Administrative Procedures Act of 1969 (APA),[3] and that the board could not circumvent the procedural requirements of the act by designating the inspection rules as "emergency rules".

On December 6, 1979, the board adopted revised proposed rules to establish hazardous materials inspection fees. These proposed rules were certified and transmitted to the Joint Committee on Administrative Rules of the Michigan Legislature.[4] On March 14, 1980, the committee reported to the Legislature that an impasse[5] had occurred regarding the board's proposed rules.

On April 1, 1980, the board, after making a finding that an emergency existed, adopted emergency inspection fee rules, which were similar to the rules that were submitted to the legislative committee. In regard to its finding that an emergency existed, the board rendered the following finding:

"Fees were established by the State Fire Safety Board after a time and cost study and were processed through the regular rule promulgation procedure established by Act No. 306 of the Public Acts of 1969, as amended. These rules received an impasse certification from the

[2] Plaintiff, Michigan Petroleum Association (MPA), is a nonprofit corporation that represents approximately 400 independent wholesale distributors of petroleum products. The other plaintiffs are individual members of the MPA.

[3] MCL 24.201 et seq.; MSA 3.560(101) et seq.

[4] MCL 24.245(2); MSA 3.560(145)(2).

[5] MCL 24.245(7); MSA 3.560(145)(7).

joint committee on administrative rules. Without the funds which these rules will generate, the department will not be able to perform inspections of hazardous materials vehicles and facilities and will not be able to respond to assist local agencies with the handling of incidents, the result being a threat to the safety of the people of the state."

On the succeeding day, the Legislative Service Bureau[6] issued a certificate which approved the emergency rules "as to form, classification, arrangement and numbering". The rules became effective on April 3, 1981, when the Governor concurred in the board's finding of an emergency, and the Attorney General issued a certificate approving the legality of the rules.[7]

On appeal, consistent with their position at trial, plaintiffs contend that: (1) the emergency rules were adopted and promulgated in violation of the procedures prescribed by the APA, (2) a state of emergency did not exist in order for the rules to be effected in a summary fashion, and (3) the inspection fees are invalid because they are applied retroactively to inspections completed before the adoption of the rules.

In a comprehensive, well-reasoned opinion, the trial court found that the statute which empowers a state agency to enact emergency rules contains sufficient safeguards, since it limits the duration of the rules to six months and empowers the Legislature to rescind the rules. The trial court additionally found that an emergency did exist at the time the rules were adopted, and that the enforcement of the rules from the beginning of the fiscal year

---

[6] MCL 4.311 et seq.; MSA 2.138(1) et seq.

[7] In the within matter, the Attorney General issued an opinion in which he expressed his view that the emergency rules were valid. OAG, 1979-1980, No 5790, p 987 (September 11, 1980).

did not result in liability being imposed retroactively.

MCL 24.245, subds (5)-(7); MSA 3.560(145), subds (5)-(7), the statute pertaining to legislative approval of a state agency's proposed rules, provides in pertinent part:

"(5) If the joint committee on administrative rules approves the proposed rule within the 2 months, it shall attach a certificate of its approval to all copies of the rule bearing certificates except 1 and transmit those copies to the agency. If the joint committee by a majority vote determines that added time is needed to consider proposed rules, the joint committee may extend the time it has to approve a particular proposed rule to 3 months.

"(6) If the joint committee on administrative rules disapproves the proposed rule or certifies an impasse within the 2 months, it shall immediately report that fact to the legislature and return the rule to the agency. The agency shall not adopt or promulgate the rule unless 1 of the following occurs:

"(a) The legislature adopts a concurrent resolution approving the rule within 60 days after receiving the report.

"(b) The joint committee subsequently approves the rule.

"(7) If the joint committee on administrative rules neither approves nor disapproves the proposed rule nor certifies an impasse before the expiration of the time permitted by this section, the joint committee shall return the rule to the agency and cause concurrent resolutions approving the rule to be introduced in both houses simultaneously and placed directly on the calendar of each house. The agency shall not adopt or promulgate the rule unless 1 of the following occurs:

"(a) The legislature adopts a concurrent resolution approving the rule within 60 days after introduction by record roll call vote and its adoption shall require a majority of the members elected to and serving in each house.

"(b) The agency resubmits the proposed rule to the joint committee which approves it within 2 months of its resubmission."

The foregoing statute does not apply to the promulgation of emergency rules.[8] MCL 24.248; MSA 3.560(148) provides that emergency rules may be promulgated by a state agency without abiding by the notice and procedural requirements of the APA:

"(1) If an agency finds that preservation of the public health, safety, or welfare requires promulgation of an emergency rule without following the notice and participation procedures required by sections 41 and 42 and states in the rule its reasons for that finding, and the governor concurs in the finding of emergency, the agency may dispense with all or part of the procedures and file in the office of the secretary of state the copies prescribed by section 46 indorsed as an emergency rule, to 3 of which copies shall be attached the certificates prescribed by section 45 and the governor's certificate concurring in the finding of emergency. The emergency rule is effective on filing and remains in effect until a date fixed in the rule or 6 months after the date of its filing, whichever is earlier. The rule may be extended once for not more than 6 months by filing of a governor's certificate of the need for the extension with the office of the secretary of state before expiration of the emergency rule. An emergency rule shall not be numbered and compiled in a supplement to the Michigan administrative code, but shall be noted in the code.

"(2) If the agency desires to promulgate an identical or similar rule with an effectiveness beyond the final effective date of an emergency rule, it shall comply with procedures prescribed by this act for processing of a rule which is not an emergency rule. The rule shall be published in a supplement to the code.

"(3) The legislature by a concurrent resolution may

---

[8] Joint Committee on Administrative Rules, Processing of Proposed Guidelines and Administrative Rules, § 5 (March, 1979).

rescind an emergency rule promulgated pursuant to this section." (Footnotes omitted.)

Our reading of the aforecited statutes leads us to conclude that in instances of emergencies a state agency does not have to follow the procedures delineated in the APA concerning the adoption and promulgation of rules.

In holding that the board had a substantial basis for enacting emergency hazardous materials inspection fee rules, the trial court reasoned:

"Plaintiffs argue that the board's finding of emergency was 'merely a statement of motivation' and that the finding did not 'reflect a crisis situation emergent or actual.' They note that the Legislature created the inspection program and the Legislature, through its committee, held up the promulgation of the rules through its certification of an impasse. It is argued this adds credence to the position that no crisis situation existed. As previously noted, however, the APA scheme is that the agency first determines whether 'the preservation of public health, safety and welfare requires promulgation of an emergency rule', and if the Legislature is of the position that an emergency situation does not exist, it may rescind the emergency rule by concurrent resolution.

"Based on the record, this court cannot hold that the board lacked substantial basis for its finding that the public interest required promulgation of the Hazardous-Materials Inspection Fees Emergency Rules for the 1979-1980 fiscal year. The inspection and certification program grew out of the passage of 1978 PA 3, amending the Fire Prevention Act, and provided for annual inspections and annual certifications of tank vehicles and storage locations. Inspection fees are authorized and must be paid annually to the fire marshal before the issuance of a certificate. The amount of fees was left to be determined by the board."

We are in agreement with the trial court's fore-

going analysis. Furthermore, we do not find that the board abused its rule-making authority.[9]

Last, we do not agree with plaintiffs that enforcement of the fire inspection rules from the beginning of the fiscal year results in retroactive application. Since the Fire Prevention Code[10] empowers the board to collect annual inspection fees, only the amounts of the assessments were determined by the emergency rules.[11]

Affirmed.

---

[9] For the standard applied by appellate courts in reviewing decisions rendered by administrative bodies, see *Mississippi Valley Barge Line Co v United States*, 292 US 282, 286-287; 54 S Ct 692; 78 L Ed 1260 (1934); *Coffman v State Board of Examiners in Optometry*, 331 Mich 582, 587-591; 50 NW2d 322 (1951). See, generally, Davis, Administrative Law Text (3d ed), §§ 29.01-29.02, pp 525-530.

[10] MCL 29.1 *et seq.;* MSA 4.559(1) *et seq.*

[11] A discussion of the issue of retroactivity of administrative rules and regulations may be found in Davis, Administrative Law Text (3d ed), § 5.05, pp 133-136.