## FESSENDEN v. FESSENDEN.

Ohio Appeals, 9th Dist., Wayne Co.

No. 850. Decided Oct. 29, 1928.

(Houck, P. J., and Lemert, J., of the 5th Dist., and Sullivan, J., of the 8th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

### TRIAL.

(590 D3) Trial court abused discretion in not permitting defendant to offer testimony of witnesses in her behalf.

### DIVORCE AND ALIMONY.

(230 Dc) Attempt of Wayne County Common Pleas to set aside and vacate former decree of alimony entered in Summit County Common Pleas between same parties, courts being of concurrent jurisdiction, contrary to law.

Lee J. Myers, Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

HISTORY:—Action in Common Pleas by Cloyd Fessenden against Mary Fessenden for divorce. Answer sets up former suit and adjudication between parties. Divorce granted and alimony allowed in lieu of former decree. Mary Fessenden prosecutes error. Judgment reversed. No action in Supreme Court prior to date of this publication.

### STATEMENT OF FACTS.

The parties here stand in the reverse order from where they stood in the lower court, but hereinafter will be referred to as they stood in the trial court.

The plaintiff brought suit against his wife for divorce, based upon wilful absence, gross neglect of duty, and cruelty. Plaintiff alleged in his petition that "the defendant has obtained an order from the Court of Common Pleas of Summit County, Ohio, in which this plaintiff is ordered to pay the sum of Ten Dollars ($10) per week alimony indefinitely and that he is unable to pay this amount continuously as there is money due on his home and that he is not able to work and earn as much as he did in the past.

The answer sets up three defenses: first, a general denial; second, challenges the jurisdiction of the court in the premises; and third, sets up a former suit and adjudication between the parties hereto, in which the defendant here was decreed alimony by the Common Pleas Court of Summit County, Ohio, in the sum of $10 per week, which decree is still in full force and effect.

The reply is in the nature of a general denial.

Trial was had and a decree of divorce was granted plaintiff on the ground of gross neglect of duty, and alimony was allowed defendant in lieu of the Summit County Common Pleas Court decree.

A reversal of this judgment is sought upon three grounds: first, that the court erred in refusing to hear the defendant's witnesses and therefore was guilty of an abuse of discretion; second, that the judgment is contrary to law; and third, that the judgment is manifestly against the weight of the evidence.

HOUCK, P. J.

An examination of the record discloses that but two witnesses testified in the trial. The plaintiff was called as a witness in his own behalf, and after he had testified, the trial judge on his own motion called the defendant to the witness stand, and after she had given testimony, the trial judge said: "I will grant him a divorce on the ground of gross neglect of duty and order him to pay a lump sum of $50 and $10 a week until the first of April, 1929. You may have exceptions."

Thereupon counsel for defendant requested the court to be permitted to offer other witnesses to testify in behalf of defendant, which the court refused, and defendant excepted. Did the trial judge err in refusing to hear the testimony of defendant's witnesses, and was he guilty of an abuse of discretion by such refusal?

We are inclined to believe that the trial court abused its discretion in not permitting defendant to offer testimony of witnesses in her behalf. It will be observed that but two witnesses testified: the plaintiff and the defendant. Litigants are entitled to a fair and impartial trial, and in order to have this, their witnesses should be permitted to testify, under the rules of the court and within proper bounds of judicial discretion and the law governing testimony of witnesses. Parties to the suit are entitled to testify, if qualified under the law, and counsel are entitled to be heard. These are not only statutory but constitutional rights of litigants. It follows that the trial judge was guilty of an abuse of discretion which is erroneous and of a prejudicial nature to the plaintiff in error.

Is the judgment contrary to law?

The decree entered in this case attempts to set aside and in legal effect vacate a former decree of alimony entered in the Summit County Court of Common Pleas between the parties hereto, the courts being of concurrent jurisdiction. This was and is contrary to law, for the reason that the trial judge in the instant case was without legal authority to vacate, set aside or modify the decree of alimony entered in Summit County.

The conclusion of the court is unanimous in finding that the judgment of the Common Pleas Court is manifestly against the weight of the evidence and contrary to law, and the judgment of the lower court is reversed and the cause remanded for further proceedings according to law.

(Sullivan, J., and Lemert, J., concur.)