MORRISON, APPELLEE, v. MORRISON, APPELLANT.

(No. 5485—Decided October 11, 1956.)

*Mr. Henry A. Reinhard,* for appellee.
*Mr. Gale R. King* and *Mr. Paul J. Noethlich,* for appellant.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court, Division of Domestic Relations, of Franklin County, entered in an action for alimony instituted by the plaintiff wife against the defendant husband who filed a cross-petition for divorce.

The trial court heard the evidence presented by both plaintiff and defendant.  The defendant and three witnesses called by the defendant testified, two of whom corroborated the defendant.  After the third witness testified, the trial judge said, "I have heard enough."  The court then dismissed the husband's cross-petition for divorce and found for plaintiff on her petition for alimony.  At this point the court stopped all further testimony, although defendant had two other corroborating witnesses present.  No objection was interposed by defendant, nor was there a proffer made as to the substance of the testimony of the two corroborating witnesses had they been called.

The defendant assigns as error abuse of discretion on the part of the trial judge in not permitting the defendant to call the two additional corroborating witnesses. Two corroborating witnesses testified for the defendant. It does not appear in what way he was prejudiced by being deprived of this additional testimony. In the case of *Fessenden* v. *Fessenden,* 32 Ohio App., 16, 165 N. E., 746, seasonable objection was made and exception taken in a similar case; the question was saved in the record, which was not the case here. We find no prejudicial error in the action of the trial court.

Defendant claims the court erred in making a division of defendant's real estate. The pertinent part of the decree is as follows: "the plaintiff is entitled to a decree of alimony as prayed for in her petition." The decree then provides for the custody of the child and an allowance for the support of the child, and continues as follows:

"It is further ordered that plaintiff be awarded the use of the real estate known as 1542 East Blake Avenue, Columbus, Ohio, and plaintiff shall pay the mortgage payments, taxes and upkeep on the home until further order of the court. Defendant is awarded the sum of $1500 in said real estate but defendant shall not sell or dispose of said real estate until further order of the court. When and if the property is sold, the defendant is to receive the sum of $1500 in cash and the plaintiff is to receive the remaining equity."

Defendant, appellant herein, contends that the legal effect of the decree was a division of defendant's property. The decree may be susceptible of a construction that the court intended the award to be for alimony. See *Glassman* v. *Glassman* (1951), 61 Ohio Law Abs., 242, 103 N. E. (2d), 781, where this question is discussed. However, counsel for appellee is not making such contention, but desires a ruling on the question as to whether the court may order a division of property in a suit for alimony. This is a case of first impression.

Section 3105.18, Revised Code, provides as follows:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capac-

ity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

In support of his interpretation of this statute the appellant cites *Durham* v. *Durham* (1922), 104 Ohio St., 7, 135 N. E., 280, which held that in a suit for alimony alone, "the trial court is not authorized to make an equitable division of the husband's property, but is confined by Section 11998, General Code, to making an award as alimony for her maintenance and support during separation"; and *Materazzo* v. *Materazzo* (1941), 139 Ohio St., 36, 37 N. E. (2d), 967, which held, on page 38, that "the court is therefore without power to finally determine the property rights of the parties. This rule is established in Ohio by the decision of this court in the case of *Durham* v. *Durham,* 104 Ohio St., 7, 135 N. E., 280." In the *Durham case,* the court, on page 12, draws a distinction between a suit for divorce and alimony and a suit for alimony alone, stating that in the latter case the court necessarily has in mind that the marital contract still exists.

The appellee points to the last sentence in Section 3105.18, Revised Code, which authorizes the court to allow alimony "in real or personal property, or both," and contends that this provision of the statute is sufficient authority for the award in the instant case. The appellant counters by observing that a similar provision appeared in the statute at the time opinions were rendered in the *Durham* and *Materazzo cases.* Section 3105.18, Revised Code (Section 8003-19, General Code, former Section 11998, General Code). Section 11998, General Code, provided that the court may "give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both." It will be observed that this provided for allowance of alimony only to the wife for the aggression of the husband, whereas now Section 3105.18, Revised Code, provides that alimony may be allowed to either party, "having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time

of the decree.'' This provision evinces an intention on the part of the Legislature to authorize the trial court to settle all matters with respect to property rights between the husband and wife. Furthermore, support for this view is found in the recent legislation amending Section 8003-21, General Code (124 Ohio Laws, 178, 187, effective August 28, 1951), now Section 3105.20, Revised Code, by adding these words: ''In any matter concerning domestic relations, the Court of Common Pleas shall not be deemed to be deprived of its full equity powers and jurisdiction.'' The statute remains substantially the same in every other respect. Certainly the Legislature had a purpose in attaching to this section this additional provision. By express terms, it confers on the court full equity powers to settle all property rights between husband and wife in a suit for alimony, as well as in a suit for divorce and alimony. The statute is not limited in its application to divorce and alimony actions, but includes ''any matter concerning domestic relations.'' In *Clark* v. *Clark,* 165 Ohio St., 457, 136 N. E. (2d), 52, where the trial court granted a divorce to the wife and made a division of property, including realty standing in the wife's name, the court in discussing the effect of that amendment, on page 458, said:

''The plaintiff recognizes the effect of these earlier decisions but suggests that they are no longer controlling in view of the provisions of recently amended Section 3105.20, Revised Code, which reads in part as follows:

'' 'In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.'

''It is the contention of the defendant that this amendment of 1951 is without effect and that the jurisdiction of the trial courts in divorce and alimony actions remains unchanged.

''With this view this court can not agree. When the General Assembly amends a statute, it is to be presumed that that legislation is not mere meaningless wordage. If, as stated in the opinion in the *Durham case, supra,* the trial courts formerly were 'not authorized to exercise general equity powers' in such matters, that deficiency clearly has now been remedied by the emphatic new provision that the trial courts shall not be deemed to be deprived of their 'full' equity powers and jurisdiction.''

It must be observed, however, that in the *Clark case* a divorce was granted, whereas in the instant case no divorce was granted. The *Clark case* gives effect to the amendment in divorce and alimony cases, and also seems to hold that the rule laid down in the *Durham case,* with respect to alimony actions, is no longer the law of this state.

Since Section 3105.18, Revised Code, no longer limits the allowance of alimony to the wife for the aggression of the husband, which was the statutory provision (Section 11998, General Code) when the *Durham case* was decided, but now confers on the court the authority to allow alimony "to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either," it (Section 3105.18) confers on the court the right to adjust property rights between the parties. In the *Durham case* the court on page 12 stated its basic reason for its ruling, as follows:

"The non-inclusion of the husband as statutory beneficiary where no divorce is granted would seem to show conclusively that no division of property was contemplated, except when the parties were divorced."

The premise being changed by statutory amendment, the legal conclusion necessarily must be changed.

Further discussion would serve no useful purpose. We hold that the trial court acted within its statutory authority, conferred by Sections 3105.18 and 3105.20, Revised Code, in making a division of property in the alimony action.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.