SINCLAIR, APPELLANT, *v.* SINCLAIR, APPELLEE.

(No. 131—Decided December 31, 1954.)

*Mr. Lloyd B. Bennett* and *Mr. Eugene B. Bacher,* for appellant.

*Mr. Waldo E. Young* and *Mr. R. William Patterson,* for appellee.

WISEMAN, P. J. This cause is submitted on motion of defendant, appellee herein, to dismiss the appeal on the ground that the order from which the appeal is taken is not a final order. The order from which the appeal is taken is an order allowing the defendant temporary alimony, temporary support for their minor child, and expense money pending the suit.

An order allowing temporary alimony is not a final order within the provisions of Section 2505.02, Revised Code, unless the record shows an abuse of discretion. *McMahon* v. *McMahon*, 156 Ohio St., 280, 102 N. E. (2d), 252; 2 Ohio Jurisprudence (2d), 663, Section 80. Appellant contends that the record shows an abuse of discretion on the part of the trial court. A hearing

was had on the motion and evidence presented. The factual situation which the appellant contends shows an abuse of discretion was this: In 1943, in the Common Pleas Court of Warren County, Ohio, the wife obtained a decree for permanent alimony, and a separation agreement entered into between the parties was approved and adopted by the court and incorporated in the decree. In the separation agreement the wife, in consideration of the payment of a cash sum of money and the transfer to her of certain property, released the husband from the claim for alimony, either temporary or permanent; agreed not to apply for any allowance for counsel fees or alimony, either temporary or permanent, in any action for divorce; released the husband from all obligations of future support for her minor children; and covenanted that she would provide the proper maintenance, support and education for such minor children.

The action now pending in the Common Pleas Court of Preble County was instituted by the husband for divorce, to which the wife filed an answer and cross-petition asking for a divorce and other relief. The wife filed a motion for temporary alimony, expense money to maintain the suit, and a reasonable allowance for temporary support of the minor child. The court granted $10 per week as temporary alimony, $10 per week as temporary support for the child, and $150 as expense money.

Appellant contends that the trial court was guilty of an abuse of discretion in granting the order, in view of the provisions of the separation agreement and the decree entered by the Common Pleas Court of Warren County. Does such act constitute an "abuse of discretion" subject to review at this state of the proceeding? "Abuse of discretion" is difficult of precise definition. It has been defined differently

by the courts of this state. The definition which is most favorable to appellant is given in *State* v. *Shafer* (1942), 71 Ohio App., 1, 47 N. E. (2d), 669, where the court, on page 4, said:

"In our judgment it does not of necessity mean, and in the instant case certainly does not mean, ulterior motive, arbitrary conduct, or a willful disregard of the rights of a litigant.

"It does mean, in our judgment, the failure to apply the principle of law applicable to a situation, if thereby prejudice results to one of the litigants."

This principle of law was quoted with approval in *State* v. *Virgi*, 84 Ohio App., 15, 81 N. E. (2d), 295.

In *Fessenden* v. *Fessenden*, 32 Ohio App., 16, 165 N. E., 746, the court, on page 19, said:

"As laid down in the books, there are different kinds of discretion that may be exercised by the trial court. There is the discretion in the sense of the exclusive right to decide as that court pleases, which will not be reversed by an appellate court. There is a discretion in the decision as to what is just and proper under the circumstances. The latter kind of discretion will not be reversed unless there was an abuse of it; that is, when it clearly appears it was exercised on grounds or for reasons clearly untenable, or to an extent clearly prejudicial to the rights of the complaining party. That would be its abuse. In all cases courts must exercise a discretion in the sense of being discreet, just, circumspect, prudent, and exercising cautious judgment."

In *State* v. *Ferranto*, 112 Ohio St., 667, 148 N. E., 362, the court, on page 676, quotes with approval from Bouvier's Law Dictionary as follows:

" '*Abuse of discretion.* A discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.' "

That court, at page 677, also quoted from *Murray* v. *Buell*, 74 Wis., 14, 41 N. W., 1010, as follows:

" 'The term * * * as used in the decisions of courts and in the books, implying, in common parlance, a bad motive or wrong purpose, is not the most appropriate. It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.

" 'Where the court does not exercise a discretion in the sense of being discreet, circumspect, prudent, and exercising cautious judgment, it is an abuse of discretion.' Words and Phrases."

Under the facts presented in the instant case "abuse of discretion" does not mean a bad motive, a wrong purpose, or an intentional wrong on the part of the trial court, but rather the exercise of a discretion to an end or purpose not justified by, and clearly against reason and the evidence. Whatever the term "abuse of discretion" implies, one of the essentials, in order for the action of the lower court to constitute reversible error, is that its action must plainly appear to effect an injustice to the appellant.

See, also, *Sunshine Bus Lines, Inc.*, v. *Craddock* (Tex. Civ. App.), 112 S. W. (2d), 248, 252; *Long* v. *George*, 296 Mass., 574, 7 N. E. (2d), 149; *Wilson* v. *Michigan State Board of Registration in Medicine*, 228 Mich., 25, 199 N. W., 643; *McNeil* v. *McNeil*, 46 Ohio Law Abs., 244, 68 N. E. (2d), 338; 1 Corpus Juris Secundum, 402; 27 Corpus Juris Secundum, 135; 3 Ohio Jurisprudence (2d), 715, Section 746.

In finding that the record in this case shows an abuse of discretion, we are not unmindful of the ruling in *Steiner* v. *Custer*, 137 Ohio St., 448, 31 N. E. (2d), 855, the second paragraph of the syllabus being as follows:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial

connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.''

In our opinion more appears in the record in this case than an error of law. In the misapplication of the law, the trial court made an order which, if given effect, precludes the possibility of placing the parties *in statu quo* upon the final hearing of the cause. Once the money is paid under the order, it would be beyond the power of the court to correct the error if eventually it be found that the order was not justified.

The undisputed facts in the instant case require the application of well-established principles of law. The general rule is that a decree for permanent alimony which approves and incorporates in it a separation agreement providing for an award of alimony to the wife is not subject to modification by a court after term, in the absence of fraud, misrepresentation or mistake. *Law* v. *Law*, 64 Ohio St., 369, 60 N. E., 560; *Newman* v. *Newman,* 161 Ohio St., 247, 118 N. E. (2d), 649; *Mozden* v. *Mozden,* 162 Ohio St., 169, 122 N. E. (2d), 295; *Kintner* v. *Kintner,* 78 Ohio App., 324, 65 N. E. (2d), 156.

However, we are here concerned with an order for temporary alimony rather than a modification of a former decree granting permanent alimony. In the instant case the wife in a separation agreement relinquished her right to temporary as well as permanent alimony. No charge of fraud, misrepresentation or mistake is made.

In *Norton* v. *Norton,* 111 Ohio St., 262, 145 N. E., 253, the wife brought an action for alimony in Lucas County, Ohio, in which action a decree was entered awarding alimony, and the evidence showed that the husband had made full satisfaction of the award. Subsequently, the husband filed a suit for divorce in Lo-

rain County, Ohio, in which action the wife filed a motion for temporary alimony. An order for the payment of temporary alimony was granted. The first paragraph of the syllabus is as follows:

"A judgment for alimony rendered in an action solely for permanent alimony brought by the wife, which judgment is fully satisfied, does not bar an application for alimony pendente lite made by the wife for the purpose of obtaining funds with which to enable her to make a defense in a suit for divorce brought by the husband subsequent to the alimony suit instituted by the wife, where it appears that such wife has not sufficient means of her own to make a defense."

On page 270 of the opinion the court discussed the purpose of granting temporary alimony and said:

"Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit. In the case herein ample evidence exists of the wife's financial inability to conduct the defense."

In that case temporary alimony was granted as expense money to defend the suit. The *Norton case* is not authority for the proposition that temporary alimony may be granted when the wife by a separation agreement had relinquished it, and such agreement had been approved and incorporated in a decree for alimony. In the *Norton case* a separation agreement was not involved.

In *Davis* v. *Davis,* 39 Ohio Law Abs., 29, 51 N. E. (2d), 288, the court cited and followed the *Norton case.* In that case the husband filed a suit for divorce. The wife filed a motion for temporary alimony and counsel fees, which motion was sustained. An appeal was taken from that order. On the hearing on the motion a separation agreement was introduced. It appears

that in a former action the separation agreement had been approved and confirmed by the court in its decree. In the agreement the wife relinquished all right to alimony. In that case it is stated that the order appealed from was an order allowing $75 for expenses incident to the action. Apparently no temporary order for support of the wife was involved. In that case abuse of discretion was not claimed, and doubt was expressed as to whether the order appealed from was a final order and, therefore, reviewable. However, the court did make certain observations which consist of obiter dicta. The court pointed out the statutory limitation on the right of the husband and wife to contract respecting alteration of their legal relations. The court observed that the exception mentioned in the statute (Section 8000, General Code) permits the husband and wife to agree only to an immediate separation and make provision for the support of either of them and for minor children during the separation. In 1951, Section 8000, General Code, became Section 8002-6, General Code, and now is Section 3103.06, Revised Code. There has been no substantial change in the provisions of the section. In the *Davis case* the separation agreement did not provide for the relinquishment of any rights by the wife in the event either brought an action for divorce. To that extent the separation agreement in the instant case differs from, and is much broader in its provisions than, the agreement in the *Davis case*. In that case the court, in commenting on the legal effect of the statute, on page 31, said:

"Insofar as the contract undertook to preclude the defendant from seeking an order of the court for an allowance for her expenses incident to temporary alimony, it is beyond the statute and probably would be against public policy."

At the time the separation agreement was executed in the instant case, Section 8000, General Code, provided as follows:

"A husband and wife cannot by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation."

In the instant case we hold that it lies beyond the power of the wife to release in a separation agreement her right to expense money in a subsequent divorce case, which may be granted under authority of Section 3105.14, Revised Code, which in part provides:

"On notice to the opposite party of the time and place of the application, the Court of Common Pleas, or a judge thereof in vacation, may grant alimony to either of the parties for his sustenance and *expenses* during the suit and * * * during the pendency of the action for divorce * * *." (Emphasis supplied.)

Any provisions in the separation agreement whereby the wife relinquishes her right to expense money pending a suit is against public policy and void. The trial court very properly ignored this provision in the separation agreement. The order for expense money, being based on a proper showing of need on the part of the wife, and the ability of the husband to respond, was in all respects proper and legal, and was within the province of the court to grant, as provided in Section 3105.14, Revised Code. The courts in other jurisdictions are not in accord on this question. See 116 A. L. R., 947, and 15 A. L. R. (2d), 1270.

With respect to that part of the order granting temporary alimony for the support of the wife, we find that the separation agreement embraced such allowances; that the parties, under Section 8000, General

Code, were competent to contract with reference thereto; and that the wife relinquished her right to support "during the separation" as permitted by Section 8000, General Code. The award for alimony made by the Warren County Common Pleas Court is binding on both parties in the absence of fraud, misrepresentation or mistake. The Common Pleas Court of Preble County was without authority to grant temporary alimony for the support of the wife, which would in legal effect operate as a modification of the decree of the Warren County court. In our opinion the general rule heretofore stated is controlling. In *Newman* v. *Newman, supra,* the court had before it the question of a modification of an alimony decree. The language of the court on page 250 has equal application to the factual situation here presented. The court said:

"The parties voluntarily entered into a valid contract without mistakes, misrepresentation or fraud. At their instance the agreement was submitted to the court and was duly approved. It properly was incorporated into the decree, and plain justice would seem to require that it be considered as binding *both* parties thereto."

The motion for temporary alimony for the sustenance of the wife pending suit should have been overruled. In sustaining that branch of the motion the trial court abused its discretion.

We come now to consider that part of the order granting a temporary allowance for the support of the minor child. There is a real distinction between alimony and an allowance for the support of a minor child. *Pretzinger* v. *Pretzinger,* 45 Ohio St., 452, 15 N. E., 471, 4 Am. St. Rep., 542; 17 American Jurisprudence, 531, Section 695. Where a decree of divorce provides for the support of minor children, the jurisdiction of the court granting the decree, with respect to

support and custody of the children, is continuing. *Seitz* v. *Seitz,* 156 Ohio St., 516, 103 N. E. (2d), 741; *Tullis* v. *Tullis,* 138 Ohio St., 187, 34 N. E. (2d), 212; *Corbett* v. *Corbett,* 123 Ohio St., 76, 174 N. E., 10; *Neil* v. *Neil,* 38 Ohio St., 558. We can make no distinction between a decree of divorce which provides for support of minor children, and a decree for permanent alimony which provides for their support. In either case the jurisdiction of the court granting the decree with respect to the custody and support for the children is a continuing one.

The factual situation here presented raises a jurisdictional question. The proper forum in which to raise the question respecting a modification of the decree is the Common Pleas Court of Warren County, the court which granted the decree. *Corbett* v. *Corbett, supra; In re Crist,* 89 Ohio St., 33, 105 N. E., 71; *Rogers* v. *Rogers,* 51 Ohio St., 1, 4, 36 N. E., 310; *Collins* v. *Collins,* 79 Ohio App., 329, 333, 73 N. E. (2d), 814; *Rauth* v. *Rauth,* 73 Ohio App., 564, 569, 57 N. E. (2d), 266; 14 Ohio Jurisprudence, 544, Section 141. The Common Pleas Court of Preble County was without jurisdiction to make an order. This branch of the motion should have been overruled.

The assumption of jurisdiction by the Common Pleas Court of Preble County on the question of a temporary allowance for the support of the minor child, under the facts in this case, amounted to an abuse of discretion as herein defined.

As there was an abuse of discretion on the part of the trial court, the motion to dismiss the appeal is overruled.

*Motion overruled.*

MILLER and HORNBECK, JJ., concur.