DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Scioto County Court of Common Pleas, Domestic Relations Division, which denied Defendant-Appellant Betty S. Atchison's Civ.R. 60(B) motion for relief from judgment.
Appellant argues that the lower court abused its discretion in denying appellant's motion for relief from judgment by overruling appellant's objections to the magistrate's decision and by failing to grant appellant an evidentiary hearing. We find this argument to be without merit and affirm the decision of the trial court.
STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal.
On December 19, 1999, the Scioto County Court of Common Pleas, Domestic Relations Division, issued a divorce decree, granting the divorce of Defendant-Appellant Betty S. Atchison and Plaintiff-Appellee David A. Atchison. The divorce decree stated, inter alia, that "there is one * * * minor child born as issue of [the] marriage, * * * Christina Kay Atchison, [born June 5, 1998]." We note that it is uncontested that, at the time the lower court issued its divorce decree, appellant was pregnant with a second child whose father was a man other than appellee. The lower court awarded custody of Christina to appellant, ordered appellee to pay child support for her, and granted appellee visitation with the child.
On February 17, 2000, appellee filed two motions: a motion for contempt of visitation, and a motion for modification of custody. Appellee contended that appellant had failed to comply with the court's order for visitation. Thus, appellee maintained, the court should modify its custody order and designate him the residential parent of Christina. Appellee requested a hearing on these motions.
On March 16, 2000, appellant filed a motion, pursuant to Civ.R. 60(B), for relief from judgment. In the memorandum supporting her motion, appellant sought relief from two sections of the divorce decree. First, appellant contested the section that found Christina to be born as issue of the marriage. Her basis for this challenge was as follows.
 [F]or weeks prior to the conception of [Christina], the parties were separated and had no sexual relations. [Appellant] further states that during said period of time, she did have sexual relations with another man, whom she believes is the natural father of Christina * * *. Moreover, [she] states that prior to the final hearing in the divorce she informed the attorney who represented her * * * of these facts * * * but that the attorney erroneously informed her that because the child was born during the marriage she had no choice but to name [appellee] as the father.
Second, appellant sought relief from the court's order awarding any parental rights to appellee. Her basis for this challenge was as follows.
 [T]he finding of the [trial] court is a mistake * * * in that it is no longer equitable that * * * the divorce decree should have prospective application; and * * * that the best interests of the child will be served by establishing the parent-child relationship with her natural father, and in that her previous counsel's advice and conduct of her case rose to the level of gross neglect and abandonment of representation.
This motion was supported by an affidavit of appellant wherein she attested that the facts presented in the motion were true. Appellant also requested an evidentiary hearing on this motion.
On April 6, 2000, without holding an evidentiary hearing, the magistrate for the trial court denied appellant's motion for relief from judgment:
No allegation of fraud is made, rather, [appellant] seeks to place blame on her attorney during the divorce. Yet, no affidavit [or any other evidence] is offered in support of said claim, only bare allegations by counsel * * * in the Motion. * * *. Considering the plethora of caselaw and the simple fact that [appellant] had the opportunity to challenge paternity of the child prior to the divorce and in fact did challenge and establish that [appellee] was not the father of the child she was expecting at the time of the divorce, the Court FINDS that the parentage determination in this matter is res judicata and will not be relitigated between [appellee] and [appellant].
On April 19, 2000, appellant filed objections to the magistrate's April 6, 2000 decision. This document is virtually identical to appellant's brief filed with this Court.
On May 30, 2000, the lower court entered a judgment entry overruling appellant's April 19, 2000 objections to the magistrate's decision.
On June 29, 2000, the trial court filed a nunc pro tunc judgment entry clarifying that the overruling of appellant's April 19, 2000 objections to the magistrate's decision was a final appealable order pursuant to R.C. 2505.02. The lower court stated that "there is no just reason for delay pursuant to Civ.R. 54(B)."[2]
Appellant filed a timely notice of appeal from the trial court's May 30, 2000 judgment entry. We again note that appellant's brief to this Court is virtually identical to the objections filed by appellant with the lower court on April 19, 2000.
Appellant assigns the following error, with five subparts, for our review.[3]
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT GRANTING AN EVIDENTIARY HEARING AND BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
 PART A:
 THE LOWER COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION WAS ERRONEOUS, AS IT RELATED TO BOTH ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, REGARDING THE QUESTION OF WHETHER APPELLANT FILED AN AFFIDAVIT IN SUPPORT OF HER MOTION FOR RELIEF FROM JUDGMENT AND WHETHER SUCH AN AFFIDAVIT IS NECESSARY TO WARRANT AN ORAL HEARING ON SAID MOTION.
 PART B:
 THE LOWER COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION WAS ERRONEOUS IN THAT IT CONCLUDED THAT DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WAS BARRED BY RES JUDICATA.
 PART C:
 THE LOWER COURT ABUSED ITS DISCRETION IN OVERRULING THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION WAS ERRONEOUS IN THAT IT WOULD REQUIRE AN ALLEGATION OF FRAUD.
 PART D:
 THE LOWER COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WAS ERRONEOUS [sic] IN THAT IT WOULD REQUIRE DEFENDANT-APPELLANT TO PRODUCE EVIDENCE TO PROVE HER ALLEGATIONS IN ORDER TO OBTAIN A HEARING ON HER MOTION FOR RELIEF FROM JUDGMENT.
 PART E:
 THE LOWER COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S ABJECTIONS [sic] TO THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE'S DECISION WAS ERRONEOUS IN ITS FINDING [sic] OF FACT AND CONCLUSIONS OF LAW THAT APPELLANT WAS NOT ENTITLED TO AN EVIDENTIARY HEARING ON HER MOTION FOR RELIEF FROM JUDGMENT.
ANALYSIS
We will begin with a discussion of the proper application of Civ.R. 60(B) in matters such as the case sub judice. We will then turn to appellant's specific arguments set out in her sole assignment of error and its five subparts.
 I.
We begin our analysis by discussing Civ.R. 60(B). This rule, in relevant part, provides the following.
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *.
Civ.R. 60(B).
Appellant argues that her motion should have been granted based on three sections of Civ.R. 60(B): Section (1), that there was "mistake, inadvertence, surprise or excusable neglect"; Section (4), that it is "no longer equitable that the judgment should have prospective application"; and Section (5), the residual clause, for "any other reason justifying relief from the judgment." Civ.R. 60(B).
A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court. Thus, a reviewing court should not reverse the ruling of a trial court on a Civ.R. 60(B) motion absent an abuse of discretion. See Dunkle v. Dunkle (1999), 135 Ohio App.3d 669,735 N.E.2d 469; accord Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish an abuse of discretion. See Cox v. Fisher Fazio Foods, Inc. (1984), 13 Ohio App.3d 336,469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." Sinclair v. Sinclair (1954),98 Ohio App. 308, 129 N.E.2d 311. Against this backdrop, we will consider whether the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment.
"The discretion exercised by the trial court in considering a Civ.R. 60(B) motion is not unbridled." Dunkle (1999), 135 Ohio App.3d at 669,735 N.E.2d at 469. Rather, the trial court must consider whether the movant adequately demonstrated three requirements for obtaining Civ.R. 60(B) relief:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in [Civ.R. 60(B)(1) through (5)]; and (3) the motion is made within a reasonable time, and, where the grounds of relief are [Civ.R. 60(B)(1), (2) or (3)], not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. Each of these elements must be met. See Strack v. Pelton (1994), 70 Ohio St.3d 172,637 N.E.2d 914. The third prong of this analysis has been met since the motion was timely filed. It is the first and second prongs that are at issue in the present case.
Appellant, as well as the magistrate, apparently overlooked a case from the Supreme Court of Ohio that is squarely on point in the instant matter, Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 705 N.E.2d 318.
In Guthrie, the appellee was found to be the natural father of a child at parentage proceedings that he chose not to attend. The Supreme Court of Ohio noted that the appellee was aware that genetic testing could have been performed prior to the proceedings. The appellee, however, made a "deliberate choice not to seek genetic testing * * * until after he was notified of a support arrearage." Id. at 443, 705 N.E.2d 323. Subsequent to the lower court's finding that he was the father, the appellee consented to genetic testing, and it was conclusively determined that he was not the father of the child.
The issue, as it was framed in Guthrie, was whether, "when a motion for relief from judgment of paternity is based on the results of genetic testing, can such a motion be brought under Civ.R. 60(B)(4) * * *?" Id. at 439, 705 N.E.2d 321. The Supreme Court of Ohio answered this inquiry in the negative.
The Guthrie Court reasoned that "`the [`it is no longer equitable'] clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control.' In other words, Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented." (Emphasis sic.) Id. at 443, 705 N.E.2d 323, quoting Knapp v. Knapp (1986), 24 Ohio St.3d 141,493 N.E.2d 1353.
In the present case, appellant knew, before the lower court issued its parentage finding, that she had sexual relations with a man other than appellee, and that this man likely could be the father of Christina. She chose, allegedly based on the misinformation of her attorney, not to bring this to the lower court's attention. On this basis, the lower court issued its decision, requiring appellee to pay child support for Christina, and giving appellant the residential custody of the child. It was only after appellee sought to modify this decree that she suggested to the lower court, for the first time, that appellee might not be the father of Christina. The concern addressed by the Guthrie Court is well taken in this case:
 "litigants, armed with the knowledge that Civ.R. 60[(B)(4)] would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. Judgment winners would be unable to rely on their victories. Those financially able to do so could crush their less affluent adversaries under a pile of Civ.R. 60[(B)(4)] motions. All this would be a subversion of judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation." * * * Therefore, we find that Civ.R. 60(B)(4) is not applicable here.
Guthrie, 84 Ohio St.3d at 443, 705 N.E.2d at 323, quoting Knapp,24 Ohio St.3d at 141, 493 N.E.2d at 1353. Appellant's recourse, if she has any, does not lie in the present action.
Moreover, we note that the parties in Guthrie completed a genetic test. The parties in the case sub judice have not performed such a test. Rather, appellant is arguing that the lower court should have, on her motion, ordered such a test. Thus, Guthrie provides even greater support for the trial court's denial of appellant's motion. Even if the parties completed such a test, and that test conclusively excluded appellee as the biological father of Christina, appellant's Civ.R. 60(B) motion should still have been denied. See, generally, Strack v. Pelton (1994),70 Ohio St.3d 172, 175, 637 N.E.2d 914, 916 (Wherein the Supreme Court of Ohio upheld a judgment of paternity despite the fact that subsequent genetic testing conclusively proved that Strack was not the natural father. The Court recognized that its decision "declared as static a state of facts that reliable scientific evidence contradicts * * *." Nevertheless, the Court reasoned that "[a] claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection. * * *. For obvious reasons, courts have typically placed finality above perfection * * *. Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child."); accord Leguillon V.Leguillon (1998), 124 Ohio App.3d 757, 707 N.E.2d 571.
We note that the facts involved in this case are distinct from our holding in Dunkle, 135 Ohio App.3d at 669, 735 N.E.2d at 469 — another pertinent case neither appellant nor the magistrate addressed. InDunkle, the father discovered that, two years after he had been ordered to pay child support, he was not the biological father of the child he had been supporting. He argued that he was entitled to relief from judgment under, inter alia, Civ.R. 60(B)(4). The trial court denied his motion. On appeal to this Court, we held that the trial court erred.
In Dunkle, a key factor in our reversal of the lower court was that there was no evidence in the record that the father had any reason to know, prior to the parentage adjudication, that he was not the father of the child. On this ground, we specifically differentiated Dunkle fromGuthrie and Knapp: "if an adjudicated father failed to seek genetic testing despite knowledge of the reasonable likelihood he was not thebiological father, he makes a `voluntary, deliberate choice' that Civ.R. 60(B)(4) cannot undo." (Emphasis added.) Dunkle, 135 Ohio App.3d at 669,735 N.E.2d at 469, quoting Knapp, 24 Ohio St.3d at 141,493 N.E.2d at 1353. Thus, Dunkle provides no support for appellant's argument in the case sub judice.
The Guthrie Court also held that Civ.R. 60(B)(5) is inappropriate when other sections of Civ.R. 60(B) are applicable. "`Civ.R. 60(B)(5) appliesonly when a more specific provision does not apply.' * * *. Here, Civ.R. 60(B)(2) specifically addresses newly discovered evidence; thus, there is no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5)." (Emphasis added.) Guthrie, 84 Ohio St.3d at 439,705 N.E.2d at 321, quoting Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 65,448 N.E.2d 1365, 1367.
In the case sub judice, appellant argues that "the finding of the trial court is a mistake." Civ.R. 60(B)(1) specifically addresses mistakes made by lower courts. Accordingly, as the Guthrie Court reasoned, "there is no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5)," in this matter. Guthrie, 84 Ohio St.3d at 439, 705 N.E.2d at 321.
We find appellant's allegation that the trial court made a mistake to be wholly baseless. The party that erred in this matter was appellant. Indeed, the appellant said as much in her brief to this Court: "Based on [the misinformation from her attorney], Appellant went through with the final hearing without telling the court that [appellee] was not the father of Christina." Had appellant made the lower court aware of all of the facts — specifically, that the parentage of appellee was in question — then an allegation of mistake by the lower court could indeed be well taken. See Gilbraith v. Gilbraith (June 5, 1989), Athens App. No. 1384, unreported (stating that "instead of basing his motion on Civ.R. 60(B)(1) alleging a mistake as to the true identity of the father of the minor child, [the movant] instead relied on Civ.R. 60(B)(4) and (5) in seeking relief"). However, in the matter before us, a mistake was made only by appellant, not the lower court. We see no need to explore this argument further.
Based on the foregoing, we find no abuse of discretion by the lower court in denying appellant's motion for relief from judgment under Civ.R. 60(B). Nevertheless, we will briefly address appellant's specific challenges set out in the subparts of her assignment of error.
 II.
Appellant asserts in her sole assignment of error that the trial court abused its discretion in denying appellant's motion for relief from judgment on two bases: (1) by overruling appellant's objections to the magistrate's decision; and (2) by failing to grant appellant an evidentiary hearing. Appellant's five subparts support one of these two bases. Accordingly, we will address these subparts in light of the proposition they support.
 A.
Appellant argues that the trial court abused its discretion in overruling appellant's objections to the magistrate's decision. Appellant supports this proposition with Parts A through D of her assignment of error: (1) Part A, that the magistrate erroneously stated that appellant did not file an affidavit; (2) Part B, that the magistrate erroneously concluded that appellant's motion was barred by the doctrine of resjudicata; (3) Part C, that the magistrate erroneously required an allegation of fraud; and (4) Part D, that the magistrate erroneously required appellant to provide evidence to prove her allegations in order to obtain a hearing. We will address each of appellant's arguments in turn.
1.
Appellant argues, in Part A of her sole assignment of error, that the magistrate overlooked the fact that the last page of appellant's motion included the affidavit of appellant attesting that, "I * * * have read the foregoing motion for relief from judgment and, after being duly cautioned, hereby swear or affirm that the statements contained therein are true and correct to the best of my knowledge and belief."
We find appellant's argument to be without merit. A reasonable reading of the magistrate's decision, that "[appellant's] Motion for Relief was filed * * * with no supporting affidavits or evidence," yields the conclusion that the magistrate was commenting on the lack of support of the allegations set out in appellant's motion and supporting memorandum. Appellant's reading of the magistrate's decision as "erroneous in its statements that [appellant] submitted no affidavit," is strained at best.
We will address appellant's contention that the magistrate erred in suggesting that affidavits, as well as any other evidence, are required to be filed with Civ.R. 60(B) motions, in our discussion of Part D of appellant's assignment of error.
Appellant's argument in Part A is not well taken.
2.
Appellant argues, in Part B of her sole assignment of error, that the magistrate erroneously concluded that appellant's motion was barred by the doctrine of res judicata. We disagree.
The issue of whether the doctrine of res judicata is applicable is a question of law, which appellate courts review de novo. See Payne v.Cartee (1996), 111 Ohio App.3d 580, 676 N.E.2d 946; accord RohnerDistributors v. Pantona (Apr. 8, 1999), Cuyahoga App. No. 75066, unreported. We note that appellant incorrectly states that our standard of review should be abuse of discretion.
The doctrine of res judicata requires the following to be shown: that there is a final judgment, rendered on the merits, by a court of competent jurisdiction, conclusive of all rights, questions, and facts in issue, as to the parties. See Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226; Ameigh v. Baycliffs Corp. (1998),81 Ohio St.3d 247, 690 N.E.2d 872 (explaining that "[a]n issue must actually and necessarily be litigated for res judicata to apply to a later proceeding").
It is well-settled law in Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." (Emphasis added.) Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387,1388. In the instant matter, the issue of parentage was squarely resolved by the trial court: "there is one * * * minor child born as issue of [the] marriage, * * * Christina Kay Atchison * * *." Moreover, as we discussed earlier, appellant could have raised this issue prior to the final divorce decree — but deliberately, whether or not based on the misinformation of her attorney, chose not to do so. Therefore, because we see Civ.R. 60(B) as providing no support for appellant's argument, the matter is barred from relitigation by the doctrine of resjudicata. See, generally, Galbraith v. Hixson (1987), 32 Ohio St.3d 127,512 N.E.2d 956 (Although the court was focusing on the application of R.C. Chapter 3111, it stated that "the policy of this state requires, in sum, that the parent-child relationship be shielded from the unsettling effects of further judicial inquiry, and that relitigation of parentage be barred, as a general rule, in any subsequent actions * * *." (Emphasis added.)).
We wholeheartedly agree with the lower court's assessment that "appellant had the opportunity to challenge paternity * * * prior to divorce and in fact did challenge and establish that [appellee] was not the father of the child she was expecting at the time of the divorce, the Court finds that the parentage determination in this matter is resjudicata * * *." See, generally, Cadle Co. v. White (Apr. 16, 1999), Hamilton App. No. C-980492, unreported, discretionary appeal not allowed (1999), 86 Ohio St.3d 1466, 715 N.E.2d 568 (holding that the doctrine ofres judicata may serve as the basis to deny a Civ.R. 60(B) motion); In reGilbraith (1987), 32 Ohio St.3d 127, 512 N.E.2d 956 (holding that "the judicially created doctrine of res judicata can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree or a legitimation order * * *"); accord Coulson v.Coulson, 5 Ohio St.3d 12, 448 N.E.2d 809.
Appellant's argument in Part B is not well taken.
3.
Appellant argues, in Part C of her sole assignment of error, that the magistrate erred in concluding that "an allegation of fraud is necessary in order to obtain a hearing on a motion for relief from judgment." We disagree.
Appellant is correct that Civ.R. 60(B) provides multiple bases, in addition to fraud, upon which a party may seek relief from judgment. See Civ.R. 60(B)(1)-(5). However, if none of the other bases under Civ.R. 60(B) apply to the party, the only recourse left is a demonstration of fraud.
A final judgment or decree rendered upon the merits, without fraud orcollusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.
(Emphasis added.) Norwood v. McDonald (1943), 142 Ohio St. 299,52 N.E.2d 67, paragraph one of the syllabus; accord In re Gilbraith,32 Ohio St.3d at 127, 512 N.E.2d at 956.
As we discussed earlier, the factual circumstances presented by appellant are not properly addressable under the bases she alleges. Thus, the magistrate was correct: absent an allegation of fraud, appellant indeed has no recourse under Civ.R. 60(B).
Appellant's argument in Part C is not well taken.
4.
Appellant argues, in Part D of her sole assignment of error, that the trial court erroneously adopted the magistrate's finding which required
appellant to provide evidence to prove her allegations in order to obtain a hearing. We disagree.
We find nothing in the magistrate's entry that rises to appellant's characterization of a hard-and-fast rule requiring "the submission of evidence along with [appellant's] motion for relief from judgment in order to grant an oral hearing thereon." In fact, the magistrate relied on, and extensively quoted, Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,316 N.E.2d 469, which specifically states, inter alia, that evidence need not be submitted in order to obtain a hearing — although the appellate court suggested that it would be good practice for the movant to submit such evidence.
Nevertheless, we do note, and agree with appellant, that "neither the Civil Rules nor the rules of the trial court require the filing of affidavits in support of motions for relief from judgment." (Emphasis added.) Matson v. Marks, 32 Ohio App.2d 319, 326, 291 N.E.2d 491, 497.
Appellant's argument in Part D is not well taken.
 B.
We next address whether the trial court abused its discretion in failing to grant appellant an evidentiary hearing. We note that Part E of appellant's sole assignment of error supports this proposition: "the magistrate's decision was erroneous in its findings of fact and conclusions of law that appellant was not entitled to an evidentiary hearing."
Adomeit, the case cited by the magistrate in the context of adequately supporting a Civ.R. 60(B) motion, also provides an excellent analysis for reviewing a decision to deny a hearing for a motion for relief from judgment.
A question arises as to when the trial court should grant a hearing before ruling on the motion for relief from judgment. If the material submitted by the movant in support of its motion contains no operativefacts or meager and limited facts and conclusions of law, it will not bean abuse of discretion for the trial court to refuse to grant a hearingand overrule the motion.
(Emphasis added.) Adomeit, 39 Ohio App.2d at 105, 316 N.E.2d at 476; seeMatson v. Marks (1972), 32 Ohio App.2d 319, 291 N.E.2d 491.
Here, the magistrate stated that appellant failed to state operative facts: "the filing of a motion with bare allegations of fact, unsupported by affidavit, or otherwise, along with legal citations is not sufficient to alone establish operative facts to necessitate a hearing." Indeed, the only facts set forth by appellant, in her memorandum in support of her motion for relief from judgment, were the bare allegations that her attorney misled her into failing to disclose to the trial court that she believed a man other than appellee to be the father of Christina. We decline to disturb this exercise of discretion. To establish an abuse of discretion, appellant must demonstrate that the trial court acted unreasonably, unconscionably, or arbitrarily. See Serb,63 Ohio St.3d at 498, 589 N.E.2d at 30. Appellant has not met this burden.
Moreover, appellant should not have been granted a hearing because, based on the unambiguous holdings of the Supreme Court of Ohio inGuthrie and Knapp, appellant could not be awarded relief by way of Civ.R. 60(B) under the facts she presented in her motion and supporting memorandum; this certainly satisfies the Adomeit test of "meager and limited facts and conclusions of law." Adomeit, 39 Ohio App.2d at 105,316 N.E.2d at 476.
Therefore, appellant's sole assignment of error is overruled in toto, and the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division, is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic RelationsDivision, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J., and Kline, J. Concur in Judgment Only.
[2] The present appeal was filed prior to the trial court's ruling on appellee's February 17, 2000 motions. However, Civ.R. 54(B) states, in relevant part, that "[w]hen more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." (Emphasis added.) Civ.R. 54(B). Thus, the trial court's judgment entry, overruling appellant's April 19, 2000 objections to the magistrate's decision, is a final appealable order as contemplated by R.C. 2505.02. See Wisintainerv. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136.
[3] Appellee chose not to submit a brief in the appeal sub judice. This is reflected in a journal entry filed by this Court, November 9, 2000.