DECISION AND JUDGMENT ENTRY
Plaintiff-Appellant Shelley K. Curry appeals the decision of the Athens County Court of Common Pleas, which denied her motion to modify an existing child-support order.
Appellant presents this Court with essentially two arguments. First, she argues that the trial court erred in applying R.C. 3113.215(A)(5)(a) and, instead, should have applied the recently enacted R.C.3119.01(C)(11)(a). Second, she argues that the lower court failed to consider the appropriate statutory factors and abused its discretion in finding that appellant was voluntarily unemployed.
We find appellant's arguments to be without merit and affirm the well-reasoned judgment of the trial court.
 I. Statement Of The Case And Facts
In 1995, Plaintiff-Appellant Shelley K. Curry and Defendant-Appellee Charles D. Curry, who have four children, were divorced. Appellant was designated the legal custodian of their children and appellee was ordered to pay monthly child support in the amount of $585.95, plus processing fees.
In September 2000, appellant filed a motion to modify the existing child-support order with the Athens County Court of Common Pleas. In support of this motion, appellant argued that she had undergone a substantial change of circumstances, which rendered the existing order unreasonable.
In October 2000, a hearing on her motion was held before a magistrate. At this hearing, appellant testified that she was employed for three years as a cook for Ohio University Food Services. There, she earned an annual salary of $27,955.
She further testified that she had quit this position in August 2000 and enrolled as a full-time student at Ohio University. She argued that she quit this job because it required her to work late hours, thereby neglecting her children who were allegedly experiencing mental-health difficulties and problems in school.
However, she also testified that recently, in early October 2000, she had withdrawn her enrollment with the university in anticipation of moving to New Hampshire to live with a man she had met three months earlier on the Internet, and had met personally only once.
On October 20, 2000, the magistrate issued a proposed decision, finding that appellant quit her job voluntarily and that her reasons for quitting were insufficient. Accordingly, the magistrate recommended that the trial court should dismiss appellant's motion and preserve the existing child-support order.
In December 2000, appellant filed objections to the magistrate's proposed decision, and appellee filed a memorandum contra to appellant's objections.
Subsequently, in January 2001, the trial court adopted the magistrate's proposed decision.
The [trial court] agrees with the Magistrate's finding * * * that [appellant] voluntarily quit her job. Retaining a job that pays [$27,955] annually benefits the children more and provides more stability for them than quitting the job to attend school or taking them to New Hampshire to live with a man whom she has only met in person once. [Appellant's] reasons do not justify her leaving her employment. * * *. [T]he [trial court] finds that there is no change of circumstances warranting the * * * modification of the existing order and dismisses [appellant's motion] at her cost.
 II. Assignments Of Error
In February 2001, appellant timely filed a notice of appeal with this Court. Subsequently, she submitted a brief assigning the following errors for our review.
First Assignment Of Error:
 THE TRIAL COURT ERRED IN FINDING PLAINTIFF-APPELLANT SHELLEY CURRY TO BE VOLUNTARILY UNEMPLOYED.
Second Assignment Of Error:
 UNDER THE FACTORS REQUIRED TO BE CONSIDERED UNDER THE CURRENTLY APPLICABLE O.R.C. § 3119.01(C)(11)(a), THE TRIAL COURT ERRED IN ORDERING THAT CHILD SUPPORT BE CALCULATED USING IMPUTED ANNUAL INCOME OF $27,955 TO PLAINTIFF-APPELLANT SHELLY CURRY, BASED ON HER LAST PRIOR EMPLOYMENT.
Third Assignment Of Error:
 THE TRIAL COURT ERRED IN ORDERING THAT CHILD SUPPORT BE CALCULATED USING IMPUTED ANNUAL INCOME OF $27,955 TO PLAINTIFF-APPELLANT SHELLEY CURRY, BASED ON HER LAST PRIOR EMPLOYMENT, WITHOUT CONSIDERING THE FACTORS REQUIRED BY O.R.C. § 3113.215(A)(5).
We will evaluate appellant's assignments of error in a sequence conducive to our analysis.
 The Applicable Statutory Provision
In appellant's Second Assignment of Error, she argues that the trial court erred in applying R.C. 3113.215(A)(5)(a) and, instead, should have applied the recently enacted R.C. 3119.01(C)(11)(a). We disagree.
On March 22, 2001, Am.Sub.S.B. No. 180 went into effect. This bill, inter alia, repealed R.C. 3113.215(A)(5)(a), replacing it with R.C.3119.01(C)(11)(a). We note that nowhere in Am.Sub.S.B. No. 180, nor in the statute itself, is it mentioned that R.C. 3119.01(C)(11)(a) is to be applied retroactively.
The Ohio General Assembly, in R.C. 1.48, codified the common-law principle that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." (Emphasis added.) Id.; see, generally, Smead, The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence, 20 Minn.L.Rev. 775.
Nevertheless, the Supreme Court of Ohio has construed an exception into this single-sentence, seemingly straightforward, provision: "In construing R.C. 1.48, * * * this court has consistently held that the application of a statute, which affects procedural rather than substantive rights, to causes arising prior to the statute's effective date but tried thereafter is not an impermissible retroactive application." (Emphasis added.) Viers v. Dunlap (1982), 1 Ohio St.3d 173, 174, 438 N.E.2d 881,882 (overruled on other grounds), discussing Denicola v. Providence Hospital (1979), 57 Ohio St.2d 115, 387 N.E.2d 231, and Kilbreath v. Rudy (1968), 16 Ohio St.2d 70, 242 N.E.2d 658.
However, in the instant case, it is unnecessary for us to engage in a procedural-substantive analysis of R.C. 3119.01(C)(11)(a) as there is no doubt that the date of the hearing was prior to the date the statute went into effect.
The Supreme Court of Ohio has stated that "the date of the trial is the reference point from which prospectivity and retroactivity are measured." Viers v. Dunlap, 1 Ohio St.3d at 174, 438 N.E.2d at 882. Here, R.C.3119.01(C)(11)(a) did not go into effect until after the date of the hearing; in fact, it did not go into effect until after appellant had filed her notice of appeal with this Court.
Thus, for purposes of this appeal, R.C. 3119.01(C)(11)(a) must be presumed to operate prospectively, and, therefore, the trial court did not err in applying R.C. 3113.215(A)(5)(a) in this matter.
Moreover, such a conclusion is commonsensical — an assessment, unfortunately, too often ignored. It simply defies good reason to reverse a trial court because it failed to consider a statute that was not in effect at the time it made its decision.
Appellant's Second Assignment of Error is OVERRULED.
 IV. Application Of R.C. 3113.215(A)(5)(a)
R.C. 3113.215(A)(5)(a) provides the following.
 "Potential income" means * * * the following for a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed: * * * Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides * * *. (Emphasis added.)
R.C. 3113.215(A)(5)(a).
In appellant's First and Third Assignments of Error, she argues that the trial court failed to adequately apply R.C. 3113.215(A)(5)(a) and erred in finding that she was voluntarily unemployed. We disagree.
"The question whether a parent is voluntarily (i.e., intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court." Rock v. Cabral (1993), 67 Ohio St.3d 108, 112,616 N.E.2d 218, 222. Accordingly, the appropriate standard of review in this case is abuse of discretion. See id.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish an abuse of discretion. See Cox v. Fisher Fazio Foods, Inc. (1984), 13 Ohio App.3d 336,469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." Sinclair v. Sinclair (1954),98 Ohio App. 308, 129 N.E.2d 311. Against this backdrop, we will consider whether the trial court abused its discretion in determining that appellant was voluntarily unemployed.
Here, appellant testified that she was employed for three years as a cook for Ohio University Food Services, where she earned an annual salary of $27,955. She also testified that she had quit this position in August 2000 and enrolled as a full-time student at Ohio University. Further, she testified that she had subsequently withdrawn her enrollment with the university in anticipation of moving to New Hampshire to pursue a three-month-old relationship with a man she had met personally on only one occasion.
"The primary design and purpose of R.C. 3113.215 are to protect and ensure the best interests of children." Rock v. Cabral,67 Ohio St.3d at 111, 616 N.E.2d at 222; see Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496.
Here, appellant testified that she believed it was in the best interest of her children to quit her job because she would be able to spend more time with them. Clearly, the trial court did not agree. See, generally, Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276 (explaining that the trial court is best able to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony"). Moreover, the Supreme Court of Ohio has stated that "[t]he parent's subjective motivations for being voluntarily unemployed * * * play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." Rock v. Cabral, 67 Ohio St.3d at 111, 616 N.E.2d at 222.
As evidenced by the record, the trial court considered appellant's past work history and the specific circumstances surrounding appellant's occupational opportunities. Consequently, the lower court concluded that appellant was voluntarily unemployed and imputed an annual income of $27,955 to her. We find that these findings are supported by the evidence and do not constitute an abuse of discretion. See, generally, Rock v. Cabral, 67 Ohio St.3d at 108, 616 N.E.2d at 218; see Gupta v. Gupta (July 28, 2000), Allen App. No. 1-2000-03, unreported. Therefore, the trial court did not err by dismissing appellant's motion and preserving the existing child-support order.
Appellant's First and Third Assignments of Error are OVERRULED.
 V. Conclusion
For the foregoing reasons, we OVERRULE appellant's assignments of error and AFFIRM the well-reasoned judgment of the Athens County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
Abele, P.J., and Kline, J.: Concur in Judgment Only.