[Cite as *In re P.S.*, 2020-Ohio-3082.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE:

P.S.,

CASE NO. 13-19-42

DEPENDENT AND NEGLECTED CHILD.

[HEATHER SHUFF - APPELLANT]

O P I N I O N

IN RE:

L.S.,

CASE NO. 13-19-43

DEPENDENT AND NEGLECTED CHILD.

[HEATHER SHUFF - APPELLANT]

O P I N I O N

**Appeals from Seneca County Common Pleas Court**
**Juvenile Division**
**Trial Court Nos. 21850070 and 21850071**

**Judgments Reversed**

**Date of Decision:  May 26, 2020**

APPEARANCES:

*Jennifer L. Kahler* for Appellant

*Rebecca J. Schreiner* for Appellee

**WILLAMOWSKI, J.**

{¶1} Respondent-appellant Heather Shuff ("Heather") brings this appeal from the judgments of the Court of Common Pleas of Seneca County granting legal custody of her children to an unrelated third party. On appeal, Heather claims that the trial court erred in denying her motion for a continuance and that the judgments were not supported by the evidence. For the reasons set forth below, the judgments are reversed.

{¶2} On October 26, 2018, the Seneca County Department of Job and Family Services ("the Agency") filed complaints alleging that the children of Heather, L.S. (born in 2014) and P.S. (born in 2016), were neglected and dependent children. ADoc. And BDoc. 1.[1] The attached affidavits alleged that in July 2018, the Agency was notified that Heather had overdosed while the children were present and as a result a voluntary case was opened in September. *Id.* Throughout the case, Heather had tested positive for marijuana and the test immediately preceding the complaint showed the Heather was also taking oxycodone. *Id.* Although Heather had been referred for mental health and chemical dependency treatment, she had failed to follow through with the recommendations. *Id.* Heather had told others that if the Agency became involved, she would take the children and leave the state. *Id.* The Agency requested that the children be removed from the home and placed in the

---

[1] L.S.'s case docket is being identified as ADoc. P.S.'s case docket is being identified as BDoc.

temporary custody of their babysitters, Stacie Helton and Matthew Helton ("the Heltons") under the protective supervision of the Agency. *Id*. The Agency also made a motion for ex parte temporary custody orders. ADoc. and BDoc. 2. The trial court granted the motion and placed the children in the temporary custody of the Heltons under the protective supervision of the Agency. ADoc. and Bdoc. 3.

{¶3} On November 2, 2018, the trial court approved a case plan filed by the Agency. ADoc. and BDoc. 13. An adjudication was set for January 28, 2019. ADoc. 19 and BDoc. 18. On January 30, 2019, the magistrate entered a decision adjudicating the children as neglected and dependent. ADoc. 23 and BDoc. 22. The magistrate noted that Heather did not appear at the hearing. *Id*

{¶4} On February 25, 2019, a dispositional hearing was held. ADoc. 27 and BDoc. 26. The magistrate again noted that Heather did not appear. *Id*. The magistrate continued the temporary custody of the children with the Heltons under the protective supervision of the Agency. *Id*. The magistrate also gave notice on that day that a hearing would be held on May 28, 2019 at 1:30 p.m. "for the purposes of review and hearing on all pending motions." ADoc. 26 and BDoc. 25. No motions were pending at that time.

{¶5} On April 5, 2019, the Agency filed a motion to terminate protective supervision of the children and award legal custody of the children to the Heltons pursuant to R.C. 2151.353. ADoc. 29 and BDoc. 28. The Agency then filed notice of a semi-annual review on April 12, 2019. ADoc. 31 and BDoc. 30. In the review,

it was noted that Heather had stopped going to her counseling sessions and had broken off contact with the Agency for a couple of months. *Id*. Heather had only resumed working the plan in March. *Id*. Heather had also lost her housing and was staying with her parents. *Id*. The review concluded that Heather had made insufficient progress on the case plan. *Id*.

{¶6} On April 24, 2019, Brenda Shuff and Terry Shuff ("the Shuffs") filed motions for custody of the children. ADoc. and BDoc. 33. The Shuffs are the maternal grandparents of the children. ADoc. and BDoc. 31. The magistrate ordered that the Shuffs' motions would be heard at the same times as the motions of the Agency. ADoc. 37 and BDoc. 36. The hearing was set for May 28, 2019. *Id*. Specifically, the magistrate noted that "unless a request to bifurcate the pending Motions is presented, the Court intends to hear all Motions for Legal Custody collectively and will marshal the evidence applicable to each motion." *Id*. On the morning of the hearing, counsel for the Shuffs filed a motion for a continuance on the basis that his wife was in the hospital to give birth to their son and he would be unavailable for the hearing. ADoc. 43 and BDoc. 42. The motion noted that all counsel agreed to the continuance. *Id*. The magistrate granted the Shuffs' motion but ordered that the "review hearing" would proceed. ADoc. 44 and BDoc. 43. On that same day, counsel for Heather filed a motion in support of the Shuffs' motion for legal custody. ADoc. 45 and BDoc. 44.

{¶7} For whatever reason, the hearing on the Agency's motion to grant legal custody to the Heltons continued as scheduled. Heather was not present as she had voluntarily admitted herself to the hospital for mental health reasons. Tr. 4-5. Heather's counsel then requested a continuance on that basis. Tr. 5. The Agency opposed the continuance and the trial court denied the motion. *Id.* Following the testimony and closing arguments of counsel, the magistrate granted the Agency's motion to grant legal custody of the children to the Heltons. ADoc. 46 and BDoc. 45. On June 11, 2019, Heather filed her objections to the magistrate's decision. ADoc. 50 and BDoc. 49. The trial court overruled the objections on September 24, 2019. ADoc. 65 and BDoc. 63. Heather filed timely notices of appeal and on appeal raises the following assignments of error.

## First Assignment of Error

**[Heather] was denied due process by the Court's denial of her motion for continuance of hearing on legal custody.**

## Second Assignment of Error

**The trial court's decision to place the children in the legal custody of the temporary custodians was against the manifest weight of evidence.**

### *Motion for Continuance*

{¶8} The first assignment of error claims that the trial court erred by denying Heather's motion for a continuance. "A decision by the trial court to deny a motion for continuance is within the sound discretion of the trial court and should not be

reversed absent a showing of abuse of that discretion." *In re Miller*, 3d Dist. Auglaize No. 2-04-02, 2004-Ohio-3023, ¶ 7. "In evaluating the trial court's decision an appellate court should only reverse that decision if it determines that the decision was 'not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant.' " *In re Keckler*, 3d Dist. Logan No. 8-08-08, 2008-Ohio-4642, ¶ 11 (quoting *Henson v. Highland Dist. Hosp.*, 143 Ohio App.3d 699, 704, 758 N.E.2d 1166 (4th Dist. 2001)).

> **In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish abuse of discretion. *See Cox v. Fisher Fazio Foods*, Inc. (1984), 13 Ohio App.3d 336, 13 OBR 414, 469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." *Sinclair v. Sinclair* (1954), 98 Ohio App. 308, 57 O.O. 347, 129 N.E.2d 311.**

*Henson, supra* at 704.

{¶9} Here, Heather claims that the trial court abused its discretion by denying her motion for a continuance as she was voluntarily committing herself to the hospital for treatment the day of the hearing. On appeal Heather argues that she was prejudiced by the trial court's decision for two reasons. First, the trial court's continuance of the Shuffs' motion for legal custody stated that the case review would go forward, not that the Agency's motion for legal custody to the Heltons would go forward, thus denying her due process. The second reason was that by

ruling on the Agency's motion without considering the Shuffs' motion at the same time, the trial court increased the burden of proof that the Shuffs would have to meet to obtain legal custody as they would now have to show that in addition to Heather being unsuitable, the Heltons were unsuitable as well. If the two motions had been heard together, the Shuffs would have only been required to show that placing the children in their legal custody was in the best interests of the children.

{¶10} The first argument is that the trial court failed to give notice that the Agency's motion to grant legal custody to the Heltons would still be heard on May 28, even after the Shuffs motion was continued, thus denying Heather due process. The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be deprived of life, liberty, or property, without due process of law." "[P]arents' interest in the care, custody, and control of their children 'is perhaps the oldest of the fundamental liberty interests recognized by this Court.' " *In re B.C.*, 141 Ohio St.3d 55, 2014-Ohio-4558, 21 N.E.3d 308, ¶ 19, quoting *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). The State may not deprive a parent of her parental rights without due process of law. *In re James,* 113 Ohio St.3d 420, 2007-Ohio-2335, ¶ 16, 866 N.E.2d 467. This right to due process does not disappear merely because the parent has lost temporary custody of their child. *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Due process requires both notice and an opportunity be heard. *In re Thompkins,* 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 12, 875 N.E.2d

852. Thus, when the State seeks to interfere with a parent's liberty interest in the custody of his or her child, the State must attempt to provide actual notice to the parents. *Id*. at ¶ 14.

{¶11} A review of the record shows that by notice dated February 25, 2019, the parties were notified that a hearing "for purposes of review and hearing on all pending motions" would be held on May 28, 2019. ADoc. 26 and BDoc. 25. At the time of the notice, there were no actual pending motions. On April 5, the Agency filed its motion to award legal custody to the Heltons. ADoc. 29 and BDoc. 28. The record does not show that a separate notice regarding the hearing was sent at that time. The first time the trial court specifically told the parties that the Agency's motion would be heard on May 28 was in the April 25, 2019 order where the trial court told the parties that "unless a request to bifurcate the pending motions is presented, the Court intends to hear all Motions for Legal Custody collectively and will marshal the evidence applicable to each motion." ADoc. 37 and BDoc. 36. A specific notice of the hearing regarding the Shuffs' motion was sent to the parties, but no such notice regarding the Agency's motion to grant legal custody to the Heltons was sent. ADoc. 38 and BDoc. 37. The Shuffs' motion for continuance was filed the morning of the hearing date. There is no question that it was filed for good cause and the trial court correctly granted it. In granting the motion, the magistrate's specific order stated that "[a]s [the Shuffs] are not parties to the dependency action, the Review Hearing on May 28, 2019 at 1:30 p.m. shall

proceed." ADoc. 44 and BDoc. 43. No mention was made in the order that the Agency's motion for legal custody would also be proceeding, yet the hearing on both the motion and the case review went forward that same day.

{¶12} Heather claims that the trial court erred by proceeding with the hearing since it never gave notice that the Agency's motion to grant legal custody to the Heltons would be heard that day. The record shows that no actual notice was given that the Agency's motion would be heard on that day was given. The only notice regarding the Agency's motion was the order regarding the Shuffs' motion which indicated that both motions would be heard together absent a motion to bifurcate. No motion to bifurcate was filed. Additionally, the order of the magistrate granting the continuance did not indicate that the Agency's motion would proceed, only that the case review would be heard that day. Counsel for Heather objected to proceeding with the hearing on the Agency's motion and requested a continuance due to Heather's absence. Given the language of the continuance, this court cannot say that Heather knew or should have known that the trial court would proceed with the Agency's motion after its prior order saying the motions would be heard together. If Heather had known that the hearing would determine the legal custody of her children rather than being a mere case review, she might have delayed admitting herself to the hospital for mental health treatment until after the hearing. Without the proper notice of the hearing, Heather was denied due process. Therefore, the first assignment of error is sustained.

{¶13} Since there was lack of notice regarding the hearing, the remaining arguments and assignment of error become moot.  This Court will thus not address them at this time.  App.R. 12(A)(1)(c).

{¶14} Having found prejudicial error in the particulars assigned and argued, the judgments of the Court of Common Pleas of Seneca County, Juvenile Division, are reversed and the matter is remanded for further proceedings.

*Judgments Reversed*
*And Causes Remanded*

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**